**PACIFIC POWER & LIGHT COMPANY, Appellant (Employer-Defendant),**

**v.**

**Oren Thomas RUPE, Appellee (Employee-Claimant).**

No. 87–109.

Supreme Court of Wyoming.

Aug. 24, 1987.

Ann M. Rochelle of Williams, Porter, Day & Neville, Casper, for appellant.

James A. Hardee, Douglas, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

The district court ordered payment of worker's compensation medical benefits for Oren Thomas Rupe more than four years after the last award. We affirm.

Mr. Rupe injured his left knee at work on April 24, 1980, and underwent surgical procedures twice between 1980 and 1982 to correct the problem. On January 14, 1982, the district court awarded Mr. Rupe permanent partial disability benefits. All of Mr. Rupe's medical expense claims were paid through March 4, 1982. In 1986, it became apparent that the previous surgical procedure had failed and that further surgery was necessary to repair Mr. Rupe's knee. On November 17, 1986, Mr. Rupe filed his request that the expenses for the third surgery be paid. The employer and the worker's compensation division objected to payment of the claim on grounds that the claim was not timely and thus that the case should not be reopened under §§ 27–12–606 and 27–12–607, W.S.1977. The district court found that the medical problem necessitating the November 1986 surgery related to the April 1980 injury and ordered payment.

The Wyoming Worker's Compensation Act provides that "[t]he expense of medical attention and hospital care of an injured employee shall be paid from date of the compensable injury * * *." Section 27–12–401(a), W.S.1977. When an employee has been awarded compensation, he may apply for additional benefits of any kind within four years of the last award. Section 27–12–606, W.S.1977. Although it is apparent that the medical expenses arose from the original accident and previous surgery, appellant argues that the claim "for additional benefits" was not timely because it was not filed within four years after March 4, 1982, the date of the last award.

The district court did not err in rejecting this contention. This court has recognized that a single industrial accident may give rise to more than one compensable injury. In the case of *In the Matter of Barnes*, Wyo., 587 P.2d 214, 218 (1978), we said:

> "It would equally do violence to the Act were we to say that merely because an employee is aware at the time of the accident that a compensable injury *may* manifest itself in another compensable injury some time in the future, that knowledge will bar a future claim based upon the earlier accident and injury." (Emphasis in original.)

See also *Baldwin v. Scullion*, 50 Wyo. 508, 62 P.2d 531, 539, 108 A.L.R. 304 (1936), wherein we said "conditions produced at the time of the accident * * * whose final consequences [medical science] could not forecast" can ultimately produce a compensable injury. The district court's factual determination that the 1986 medical claim was a compensable injury arising from the 1980 accident has not been challenged in this appeal. Given that finding, the court did not err in ordering payment.

Affirmed.