The STATE of Wyoming, ex rel. WYO-
MING WORKERS' COMPENSATION
DIVISION, Appellant (Objector-De-
fendant),

v.

James MALKOWSKI, Appellee
(Employee-Claimant).

No. 86-301.

Supreme Court of Wyoming.

Aug. 24, 1987.

A.G. McClintock, Atty. Gen., Josephine
T. Porter and Patrick J. Crank, Asst. Attys.
Gen., for appellant.

R. Van Graham, Mason & Twichell, P.C.,
Pinedale, for appellee.

Before BROWN, C.J., and THOMAS,
CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Justice.

The sole question to be resolved in this
case is whether the provisions of § 27-12-
606, W.S.1977 (June, 1983 Rev.), control the
payment of medical benefits and a claim
for temporary total disability when more
than four years have passed from the date
of the last treatment. The district court
held that it was not foreclosed from award-
ing medical benefits and temporary total
disability under the circumstances of this
case. We affirm the order of the district
court.

The Wyoming Workers' Compensation
Division in its Brief of Appellant states this
issue:

"Did the appellee's failure to apply for
any workers' compensation benefits for
over a four year period permanently
close his workers' compensation claim
thereby depriving the court of jurisdic-
tion to consider the appellee's request for
additional benefits."

James Malkowski, in his brief, bifurcates
the question and states the issues to be:

"I. Whether W.S. § 27-12-606(1977) is
an absolute bar to payment of workers'
compensation benefits for continuing
medical treatment of a compensable inju-
ry, where no treatment was necessary
for more than four years.

"II. Whether W.S. § 27-12-606(1977) is
applicable to payment of workers' com-
pensation benefits for continuing medical
treatment of a compensable injury."

On July 31, 1980, Malkowski suffered a
compensable injury to his wrist, and he was
treated for that injury through November
of 1981. His medical expenses were paid
by the Wyoming Workers' Compensation
Division, and he received temporary total
disability for a relatively short period of
time. At the hearing in this case, his treat-
ing physician testified by deposition. The
physician's opinion was that a fusion of
Malkowski's wrist would have been re-
quired in most such cases within a year or
so of the surgical procedure in 1981, which
was perceived to be temporary and de-

signed to maintain wrist movement as long as possible. Malkowski, however, was able to endure the pain that he suffered and continued in his employment. He needed no further treatment until February 10, 1986. His physician testified that this was unusual, and he attributed that phenomenon to Malkowski's attitude and willingness to go ahead with his life despite the pain. On April 18, 1986, a second temporary procedure was performed on Malkowski's wrist, and his physician testified that his deteriorating condition would ultimately require a fusion and result in permanent disability.

Following the second temporary procedure, Malkowski, on April 23, 1986, filed a claim for payment of medical benefits and temporary total disability in connection with this treatment of his original injury. A formal objection to this award was filed by the Wyoming Workers' Compensation Division. The matter was heard in the district court the following fall, and an order was entered denying the objection to the Award with respect to the claim filed by Malkowski. Payment of the claimed benefits will follow from that order, and this appeal seeks to have it reversed.

■ In *Conn v. Ed Wederski Construction Company,* Wyo., 668 P.2d 649, 652 (1983), we said:

"This court has adopted a policy of liberally construing statutes relating to worker's compensation in light of their beneficient purpose. [Citations omitted.] Such statutes will be construed, if rationally possible, so that the industry and not the injured worker will bear the burden of industrial accidents."

We follow that policy in this case, concluding that the result is controlled by earlier decisions of this court.

Most recently, in *Pacific Power & Light Company v. Rupe,* Wyo., 741 P.2d 609 (1987), we held that § 27–12–606, W.S.1977 (June, 1983 Rev.), did not foreclose the payment of benefits for surgical procedures relating to a knee injury even though a period of more than four years had elapsed from the last award. That statute provided as follows:

"Where an award of compensation has been made in favor of or on behalf of an employee for any benefits under this act [§§ 27–12–101 through 27–12–804], an application may be made to the clerk of the district court by any party within four (4) years from the date of the last award, or at any time during which monthly payments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud."

In that case, we reiterated the concept that a single industrial accident may give rise to more than one compensable injury. We therefore looked to the provisions of § 27–12–401(a), W.S.1977 (June, 1983 Rev.), to justify payment of benefits for what we recognized to be a second compensable injury.

In *Pacific Power & Light Company v. Rupe,* supra, we relied upon the case of *In the Matter of Barnes,* Wyo., 587 P.2d 214 (1978) and the case of *Baldwin v. Scullion,* 50 Wyo. 508, 62 P.2d 531 (1936). In both of those cases, the court eschewed the concept of a modification described in § 27–12–606, W.S.1977. In the Barnes case, the court concluded that the applicable statute of limitations was found in § 27–12–503, W.S.1977 (June, 1983 Rev.), which provided:

"(a) No order or award for compensation involving an injury which is the result of a single brief occurrence rather than occurring over a substantial period of time, shall be made unless in addition to the reports of the injury, an application or claim for award is filed with the clerk of court in the county in which the injury occurred, within one (1) year after the day on which the injury occurred or for injuries not readily apparent, within one (1) year after discovery of the injury by the employee. The reports of an accident do not constitute a claim for compensation.

"(b) The right of compensation for injury which occurs over a substantial period of time is barred unless a claim for benefits

is filed with the clerk of the district court within one (1) year after a diagnosis of injury is first communicated to the employee, * * *."

It is clear that the invocation of that provision for the period of limitations can only be consistent with an injury described in § 27–12–401(a), W.S.1977.

The rationale found in In the Matter of Barnes, supra, is that even though the attending physicians concluded that Barnes had suffered an injury which might require surgical correction at some future time, he could not be expected to submit to that procedure until it was absolutely required. In that situation, the court held that the compensable injury occurred when he was operated upon to correct the condition and that his claim was filed on time. We also noted that there was continuing jurisdiction in the district court from the time of the initial claim, and that court had a duty to determine from the evidence, and make a finding with respect to, whether a compensable injury had occurred and, if so, when it was actually suffered.

In In the Matter of Barnes, supra, we relied upon Baldwin v. Scullion, supra, which held that it would do violence to the Workers' Compensation Act to conclude that simply because an employee was aware at the time of an accident that a compensable injury might manifest itself in yet another compensable injury sometime in the future, that knowledge would bar any future claim. We there said:

"Medical science and diagnosis have advanced with well-nigh miraculous strides in the last decade or two, yet they cannot at this time, and probably never will be able to, foretell accurately the reaction of every particular human body to every particular hurt it may sustain in industrial employment. Under these circumstances, it seems to us palpably unjust to the employee to deny him compensation because he has tried to keep his place on the employer's pay roll by doing his regular work and then has found that conditions produced at the time of the accident, and which medical science could not recognize or whose final consequences it

could not forecast, have gradually and ultimately produced a compensable injury. We do not think the language employed in the law by our State Legislature was reasonably intended to produce such a result." Baldwin v. Scullion, supra, 62 P.2d at 539.

The injury in that case occurred on July 15, 1934, and the claim was not filed until April 23, 1935, when the injury was ultimately diagnosed. Even though the statute required that the claim be filed within five months, the claim was treated as timely. In the Matter of Barnes, supra, makes clear that the principle is the same even though a longer time had elapsed between the identification of the injury and the ultimate treatment.

■ While the Wyoming Workers' Compensation Division contends vigorously that in this instance the district court had no jurisdiction to "reopen the case and provide compensation for further benefits," there is no rational way to distinguish this case from Baldwin v. Scullion, supra; In the Matter of Barnes, supra; and Pacific Power & Light Company v. Rupe, supra. The Wyoming Workers' Compensation Division ignores the fact that Malkowski never has made any application for a permanent partial disability or any rating with respect to his injury. This is so because the injury has not yet deteriorated to the point that a permanent partial disability evaluation can be made. Both Malkowski and his physician were aware of that fact, and further treatment was, and is, definitely contemplated. Furthermore, Malkowski did not file a claim for modification of any award. He simply instituted a claim for the award of benefits relating to a subsequent compensable injury, arising out of the initial incident, which was identified when the second surgical procedure was performed.

This court not only restated its adherence to Baldwin v. Scullion, supra, in In the Matter of Barnes, supra, but also noted it continued to follow Big Horn Coal Company v. Wartensleben, Wyo., 502 P.2d 187 (1972); Claim of Evans, Wyo., 417 P.2d 17 (1966); Bemis v. Texaco, Inc., Wyo., 400 P.2d 529, reh. denied 401 P.2d

708 (1965). The court went further and stated that *Wyoming State Treasurer ex rel Workmen's Compensation Department v. Niezwagg*, Wyo., 452 P.2d 214 (1969), upon which the Wyoming Workers' Compensation Division relies in this instance, and *Wyoming State Treasurer ex rel Workmen's Compensation Department v. Schultz*, Wyo., 444 P.2d 313 (1968), did not support the position of the appellant and were distinguishable. That analysis of those precedents still is apt.

In view of the findings implied from the district court order that Malkowski's treatment was for a subsequent compensable injury which occurred within the period of limitations articulated in § 27–12–503, W.S. 1977 (June, 1983 Rev.), the result in this case is controlled by the applicable precedents. The trial court correctly denied the Objection to Award filed by the Wyoming Workers' Compensation Division. The order of the district court is affirmed.