CITY OF CASPER, Appellant
(Petitioner),

v.

James HAINES, Appellee (Respondent).

STATE of Wyoming, ex rel., WYOMING
WORKER'S COMPENSATION DIVI-
SION, Appellant (Petitioner),

v.

James HAINES, Appellee (Respondent).

Nos. 94–24, 94–25.

Supreme Court of Wyoming.

Dec. 7, 1994.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Kenneth E. Spurrier, Asst. Atty. Gen., Cheyenne, Courtney Kepler, Sp. Asst. Atty. Gen., of Brown & Drew, Casper, for appellant State of Wyoming, ex rel. Wyoming Worker's Compensation Div.

Gayla Daniels, Deputy City Atty., Casper, for appellant City of Casper.

Don Painter, Casper, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

In these consolidated cases, the City of Casper and the State of Wyoming's Worker's Compensation Division seek review of the district court's order affirming the decision granting worker compensation benefits to ap-

pellee James Haines. Appellants' major contention is that the statute of limitations bars appellee's award of benefits. Wyo.Stat. § 27–12–503(a) (1977).[1] Appellants also contest findings that an untimely report was excusable and the injury occurred in the course of employment.

Based upon our decision in *Aanenson v. State ex rel. Worker's Comp.*, 842 P.2d 1077, 1079 (Wyo.1992), we hold that appellee did not claim within the statutory time period. We reverse.

Appellant City of Casper presents these issues:

I. Whether the findings and conclusions of the administrative law judge are arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law, and thus unlawful under Wyo.Stat. § 16–3–114(c)(ii)(A)?

A. Whether the Administrative Law Judge properly construed and applied the statutory requirements of Wyo.Stat. § 27–14–502 and § 27–14–503?

II. Whether the findings and conclusions of the administrative law judge are unsupported by substantial evidence in the record, and thus unlawful under Wyo.Stat. § 16–3–114(c)(ii)(E)?

A. Whether there was substantial competent evidence to warrant the Administrative Law Judge's findings that the compensable injury to the Employee/claimant's left knee arose out of and during the course of his employment with the City?

B. Whether there was substantial evidence to support the Administrative Law Judge's Finding that the non-compensable injury to the Employee–Claimant's left knee in May, 1992 was not an intervening cause nor the cause of the July, 1992 reconstructing surgery?

C. Whether the finding of the Administrative Law Judge that the surgery was not "elective" is supported by substantial evidence in the record?

Appellant Wyoming Worker's Compensation Division presents this issue:

Whether the hearing officer failed to properly apply the pertinent statute of limitations by awarding benefits for an unreported, eleven year old knee injury?

Appellee Haines states the issues as:

1. Whether Employee–Claimant's claims are barred by the terms of § 27–14–503 W.S.1977.

2. Whether Employee–Claimant's claims are barred by the terms of § 27–14–502 W.S.1977, either by failure to comply or by failing to show lack of prejudice to the employer's right to investigate and monitor medical care.

## FACTS

Haines, a Casper police officer, suffered a knee injury on November 18, 1980, while responding to an armed burglary call. An emergency room doctor at the Wyoming Medical Center diagnosed it as a nonserious, twisted knee injury which did not require any treatment, and Haines returned to work. Haines only reported the injury, without identifying which knee was injured, on a police "sick and injured" report form and did not file a worker's compensation injury report and claim. Later, Haines consulted with Dr. John Bailey on March 26, 1981, about a left knee injury. Dr. Bailey diagnosed an "anterior cruciate ligament" tear injury, discussed the nature and extent of the injury with Haines, but determined that surgery was not indicated at that time.

In May of 1992, Haines, injured his left knee, this time in a non-work related accident. Dr. Jerome A. Behrens diagnosed a medial meniscal tear. Dr. Behrens performed arthroscopic surgery for this latest injury on May 25, 1992.

The surgery revealed to Dr. Behrens the condition of the anterior cruciate ligament. Dr. Behrens recommended reconstruction surgery of this ligament to Haines. Haines discussed the recommendation with the City of Casper, had the surgery, and then filed a worker's compensation claim. Appellants objected, mainly contending that appellee was barred from receiving benefits for violations

---

1. The statute was renumbered as Wyo.Stat. § 27–14–503 in 1986.

of WYO.STAT. § 27–14–502 and WYO.STAT. § 27–14–503 (1991).

A hearing was held, and the hearing officer concluded that although Haines injured his knee in 1980, he had not suffered a compensable injury until 1992. Other issues were resolved in Haines' favor, and he was granted benefits. The appellants petitioned for review to the district court. The district court upheld the hearing officer's decision, and this appeal followed.

## DISCUSSION

Appellants' major issue challenges the hearing examiner's conclusion that Haines' injury was not compensable until 1992 when the first surgery was performed. Appellants contend it was apparent to Haines that the injury was compensable following Dr. Bailey's diagnosis of the anterior cruciate ligament tear injury on March 26, 1981. They contend, under the statute of limitations for worker's compensation claims, Haines had one year after his discovery of the injury to file a claim, WYO.STAT. § 27–12–503(a) (1977), and because Haines did not file his claim until 1992, his claim is time-barred.

*Standard of Review*

■ Our standard of review of factual findings is whether they are supported by substantial evidence in light of the whole record. *Little America Refining Co. v. Witt,* 854 P.2d 51, 57 (Wyo.1993). This court will defer to a hearing officer's findings of basic fact if there is substantial evidence and will not substitute our judgment for that of an agency. We have said, "The historical actions and inactions of [the claimant], as determined by the hearing officer, are historical or basic facts." *Aanenson,* 842 P.2d at 1079.

■ When reviewing mixed questions of law and fact, as in an agency's finding of ultimate fact, this court separates the factual and legal aspects of the finding to determine whether the correct rule of law has been properly applied to the facts. *Aanenson,* 842 P.2d at 1079–80; *and see Union Pacific R.R. Co. v. State Bd. of Equalization,* 802 P.2d 856, 860–61 (Wyo.1990). We do not afford deference to an agency's determination but correct the agency's error in either stating or applying the law. *Aanenson,* 842 P.2d at 1079–80. The worker's compensation statute of limitations in effect at the time of injury states:

(a) No order or award for compensation involving an injury which is the result of a single brief occurrence rather than occurring over a substantial period of time, shall be made unless in addition to the reports of the injury, an application or claim for award is filed with the clerk of court in the county in which the injury occurred, within one (1) year after the day on which the injury occurred *or for injuries not readily apparent, within one (1) year after discovery of the injury by the employee.* The reports of an accident do not constitute a claim for compensation.

WYO.STAT. § 27–12–503 (1977) (emphasis added).

*Findings*

The hearing officer made the following findings relevant to this particular issue:

4. Employee–Claimant continued to work as a police officer for the City of Casper without any interruption due to the subject injury until around the middle of May 1992. In the interim, Employee–Claimant had bought elastic supports for the knee from time-to-time out of his own pocket and, except for that, had not occurred [sic] any medical expense or had any medical treatment for the subject injury except for consulting with John Bailey, M.D. on March 26, 1981 who, like Dr. Shure, determined there was no need for any medical attention at the time.

\* \* \* \* \* \*

6. During the performance of the orthoscopic [sic] surgery on May 25, 1992, it was discovered that Employee–Claimants anterior cruciate ligament, *diagnosed on March 26, 1981 as having been injured on November 18, 1980 was finally in need of surgical repair* in the opinion of the attending physician, Jerome Behrens, M.D., an orthopedic surgeon.

\* \* \* \* \* \*

8. It was during the period of May 25, 1992 through July 2, 1992 that Employee–Claimant realized or should have realized that this injury to his anterior cruciate ligament in his left knee had become compensable.

(Emphasis added).

■ Finding No. 8 is an application of the definition of compensable injury. The statute of limitations does not begin running until the claimant has suffered a compensable injury. *Aanenson*, 842 P.2d at 1081.

[W]hen determining the time a particular injury became compensable, it should be asked: When would a reasonable person, under the circumstances, have understood the full extent and nature of the injury and that the injury was related to his or her employment? The statute of limitations starts running when that date is fixed.

*Aanenson*, 842 P.2d at 1082.

The hearing officer's finding that the knee injury was diagnosed on March 26, 1981, is a basic fact supported by the record. However, the finding that the injury was not compensable until 1992 is an application of the law to the facts and we review whether the law was properly applied to the facts.

Haines' medical file dating back to 1980, received in evidence by the hearing officer, revealed that Dr. Bailey recorded the following in Haines' medical record after the March 26, 1981 visit:

ON EXAM: * * * I think James has a significant tear of his anterior cruciate ligament. I discussed this with him as well as the inherent risks, that is currently present in his knee. I do not feel that any reconstruction is indicated at this time, but if it worsens or if he begins damaging the knee joint then it probably will be indicated.

On direct examination, Haines testified that Dr. Bailey had told him that he had torn the front ligament of his knee. Dr. Bailey's recommended treatment was to do nothing unless he had problems; if Haines had problems with the knee, surgery would be required. Appellants urge that a diagnosis of a torn ligament which may require surgery is a discovery of a compensable injury.

Haines argues that "where the original knee injury was trivial in nature and required only medical advice without any care until 1992, it is rather clear that the 'compensible [sic] injury' occurred between May 25, 1992 and July 2, 1992." We assume Haines' argument is a claim that the injury was not readily apparent and therefore not discovered until 1992. WYO.STAT. § 27–12–503 (1977) makes provisions for injuries which are "not readily apparent," instructing that reports and claims be filed "within one (1) year after the discovery of the injury by the employee." WYO.STAT. § 27–12–503(a).

Haines primarily relies upon *Big Horn Coal Company v. Wartensleben*, 502 P.2d 187 (Wyo.1972) for his contention the knee injury suffered was not a compensable injury until 1992. He also cites *State, ex rel. Wyo. Worker's Comp. Div. v. Malkowski*, 741 P.2d 604 (Wyo.1987); *Baldwin v. Scullion*, 50 Wyo. 508, 62 P.2d 531, 108 A.L.R. 304 (Wyo.1936); and *Bemis v. Texaco, Inc.*, 400 P.2d 529 (Wyo.1965). Appellants contend that WYO. STAT. § 27–12–503 is analogous to WYO.STAT. § 27–12–502, which is the statute construed in *Big Horn*. We are satisfied that the concept of a compensable injury should be the same for purposes of both statutes. The thrust of the holding of *Big Horn*, however, is not helpful to Haines.

Our decision in *Aanenson* discussed *Big Horn*'s contribution to the compensable injury concept. There, we stated it held the claimant had suffered a "compensable injury" when he was correctly informed of the serious injury. *Aanenson*, 842 P.2d at 1082. We reiterated *Big Horn*'s clarification of the distinction between a trivial injury and a compensable injury:

[W]here an employee in the course of his employment sustains an apparent *trivial injury* which does not result in present disability and which would not reasonably be expected to cause future disability, but which injury in fact over a period of latency does cause future disability, the time for giving notice of the occurrence of the injury to the employer runs from the time when it becomes apparent that such injury has resulted in, or is likely to cause, compensable disability.

*Aanenson,* 842 P.2d at 1082. *And see Big Horn Coal,* 502 P.2d at 188.

■ As seen by *Aanenson's* discussion, this court's decisions, including those cited by appellee, consistently hold that when a correct diagnosis and prognosis of present or likely future disability is communicated to the claimant, the injury is discovered, it is compensable, and the statute of limitations begins to run. *Aanenson,* 842 P.2d at 1081–83 (discussing this court's decisions regarding compensable injury).

In *Aanenson,* the claimant's back injury was diagnosed as a ruptured disc in 1986, and conservative treatment was prescribed. The claimant did not file a worker's compensation claim or accident report. In 1990, the claimant's pain from the injury returned and was diagnosed as the same disc injury as in 1986. The claimant filed a worker's compensation injury report and claim, but was denied coverage because the time had passed for filing reports of the 1986 injury. That decision was affirmed by a hearing officer, the district court and then finally by this court.

■ The present case is analogous to *Aanenson* and requires reversal. The facts of this case establish that on March 26, 1981, Dr. Bailey diagnosed a ligament injury and informed Haines that he "did not feel any reconstruction is indicated at this time but if it worsens or if he begins damaging the knee joint then it probably will be indicated." This communication would have caused a reasonable person to discover he had suffered an injury likely to cause compensable disability. *Aanenson,* 842 P.2d at 1083.

The statute of limitation's language as construed by our decision in *Aanenson* required Haines to claim for award within one year of the March 26, 1981 diagnosis. He failed to comply when he did not file a report and claim until eleven years later. Our law and precedent require we hold the hearing officer erred in applying the law, and we must reverse the grant of benefits.

Reversed.