CASPER OIL COMPANY, Appellant (Employer/Petitioner),

v.

David EVENSON, Appellee (Employee/Respondent).

No. 94–113.

Supreme Court of Wyoming.

Jan. 12, 1995.

Stephenson D. Emery of Williams, Porter, Day & Neville, Casper, for appellant.

Donald L. Painter, Casper, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

In this worker's compensation case, we review the sufficiency of the evidence supporting a hearing examiner's award of temporary total disability benefits to appellee. Appellant petitioned the district court for review of the decision. The district court upheld the hearing examiner's award.

We affirm.

## I. ISSUES

Appellant states the issues in the following form:

1. Because Appellee (hereinafter "Mr. Evenson") received previous awards of workers' compensation benefits for his lower back injury, including an award for permanent disability, the Office of Administrative Hearings (hereinafter "Office") acted contrary to law by not applying W.S. 27–14–605(a), which required Mr. Evenson to prove that he suffered an increase in incapacity in 1993 due *solely* to his 1989 lower back injury.

2. Because Mr. Evenson sustained a loss of earnings for reasons unrelated to any back injury or disability, the Office acted contrary to law in awarding him temporary total disability benefits. 1C Larson, *The Law of Workmen's Compensation,* Sec. 57.64(a) (1992).

3. The Office acted contrary to law by ignoring W.S. 27–14–404(b), which, after a previous award for permanent partial disability, allows additional awards of temporary total disability benefits only in connection with *uncontemplated* additional surgeries.

4. By refusing to admit substantial relevant evidence regarding Mr. Evenson's character for untruthfulness, the Office violated W.R.E. 608(a), and denied Appellant

(hereinafter "C–Plus") an opportunity for a full contested hearing case.

(Emphasis in original.)

Appellee states the issues in the following manner:

1. Whether there is sufficient evidence to support the decision of the Office of Administrative Hearings and its affirmance by the District Court.

2. Although not framed as an issue by Appellant, Appellant nevertheless argued the affirmative of:

Whether termination after a compens[a]ble injury for acts claimed to have occurred prior to injury bar a claim for temporary total disability benefits.

## II. FACTS

Casper Oil Company (Casper Oil) owned and operated a chain of convenience stores known as Convenience–Plus (C–Plus). In 1989, David Evenson (Evenson) was employed as a manager of the C–Plus store in Laramie, Wyoming. Evenson injured his back while removing snow and ice from in front of the Laramie store in March of 1989.

On June 19, 1989, Evenson underwent back surgery to repair a herniated disk. As a result of that surgery, Evenson received temporary total disability benefits and a thirteen percent permanent partial physical impairment award. Those awards are not challenged in this appeal.

Evenson slipped and fell at home in January of 1990. Evenson reported the fall to his doctor and said that the fall had aggravated his back injury. Evenson testified that the pain in his back had steadily increased after the 1989 surgery. He complained of continued pain in his lower back during a visit with his doctor on July 10, 1990. Evenson was referred to Dr. Donner, a spine sub-specialist.

Three weeks prior to his scheduled appointment with Dr. Donner, Evenson began to experience a sharp stabbing pain in his back and burning and aching pains in his thigh. Evenson visited Dr. Donner on August 2, 1990. Dr. Donner treated the symp-

toms with aggressive physical therapy and a nonsteroidal anti-inflammatory agent.

In June of 1992, Evenson went to the emergency room at the Lander Valley Hospital in Lander, Wyoming. An x-ray was taken of Evenson's back and physical therapy was again prescribed. Following complaints that his back was continuously sore, Evenson was referred to the new spine specialist in the practice, Dr. Douglas W. Beard. Dr. Beard met with Evenson on February 8, 1993. Dr. Beard diagnosed Evenson as suffering from degenerative disk disease. He recommended that Evenson undergo fusion surgery. The fusion surgery was performed on March 18, 1993.

Dr. Beard testified that the degenerative disk disease manifested itself after the original injury in 1989. He also testified that Evenson's fall in January of 1990 may have been a factor that aggravated his injury, but that "fall[ing] once does not bring about these types of changes." Dr. Beard's conclusion was that the 1993 fusion surgery was a direct result of the 1989 injury.

## III. DISCUSSION

The primary issue in this appeal is whether there was sufficient evidence to support the hearing examiner's determination that Evenson's 1993 fusion surgery was linked to his initial back injury in 1989 and was, therefore, a subsequent compensable injury for which the hearing examiner could properly award medical benefits and temporary total disability benefits.

### STANDARD OF REVIEW

 An administrative agency's order will be set aside if it is not supported by substantial evidence. Wyo.Stat. § 16–3–114(c)(ii)(E) (1990); *Majority of Working Interest Owners In Buck Draw Field Area v. Wyoming Oil and Gas Conservation Com'n*, 721 P.2d 1070, 1079 (Wyo.1986). Substantial evidence is relevant evidence that a reasonable mind can accept as adequate to support an agency's conclusion. *Montana Dakota Utilities Co. v. Public Service Com'n of Wyoming*, 847 P.2d 978, 983 (Wyo.1993). The party challenging an agency's decision bears the burden of proving that the decision is not supported by substantial evidence. *Devous v. Wyoming State Bd. of Medical Examiners*, 845 P.2d 408, 414 (Wyo.1993). If an agency's decision is supported by substantial evidence, it will only be reversed for errors of law. *Id.*

### SECOND COMPENSABLE INJURY RULE

 Casper Oil argues that the second compensable injury rule is dead. The basic rationale behind the second compensable injury rule is well stated in *Scullion*, 62 P.2d at 539:

> [I]t seems to us palpably unjust to the employee to deny him compensation because he has tried to keep his place on the employer's pay roll by doing his regular work and then has found that conditions produced at the time of the accident, and which medical science could not recognize or whose final consequences it could not forecast, have gradually and ultimately produced a compensable injury. We do not think the language employed in the law by our State Legislature was reasonably intended to produce any such result.

This rationale remains persuasive and we apply it in our analysis today. *See, Matter of Krause*, 803 P.2d 81, 82 (Wyo.1990); *Pacific Power & Light Co. v. Rupe*, 741 P.2d 609, 610 (Wyo.1987); *State ex rel. Wyoming Workers' Compensation Div. v. Malkowski*, 741 P.2d 604, 605 (Wyo.1987); *Matter of Barnes*, 587 P.2d 214, 218–19 (Wyo.1978) and *Baldwin v. Scullion*, 50 Wyo. 508, 530–31, 62 P.2d 531, 539 (1936).

*Matter of Barnes*, 587 P.2d 214 is remarkably similar to the case before us. Barnes was injured in 1967 and filed a timely claim. *Id.* at 215. Barnes suffered an acute back strain and his physician noted that if his back trouble continued, a spinal fusion would be required. *Id.* at 216. Barnes underwent fusion surgery in February of 1976. *Id.* He filed a petition to reopen his case in June of 1976. *Id.* Attached to the petition was a note from his physician that stated, "'Mr. Barnes [sic] present condition is the result of his original injury on 3/29/67.'" *Id.*

Following a hearing, Barnes was awarded hospital and medical benefits as well as bene-

fits for temporary total disability. *Id.* at 217. The Worker's Compensation Division objected and appealed to the district court, arguing that the claim was time barred. *Id.* This court affirmed the award and quoted from the district court's order:

"* * * [T]he Court finding that the claim of the petitioner concerns on-going treatment necessitated by the petitioners [sic] previous injury on March 29, 1967 and that all proper claims are allowable.

"IT IS THEREFORE ORDERED that the petition to reopen is not necessary and that all proper claims presented by the petitioner shall be allowed as part of the petitioners [sic] original claim."

*Id.*

■ Significantly, Barnes was not required to reopen his case. Casper Oil argues that Evenson must reopen his case. Evenson is not required to do so. Like Barnes, Evenson suffered a second compensable injury. When an employee suffers a second compensable injury, the employee is not required to reopen the original case.

■ An industrial accident can give rise to more than one compensable injury. *See, Rupe,* 741 P.2d at 610; *Malkowski,* 741 P.2d at 605; *Matter of Barnes,* 587 P.2d at 218; and *Scullion,* 62 P.2d at 539. When this principle is applied to the present case, there is no way to distinguish Evenson's injury and his multiple surgeries from the cases cited above. Evenson's back injury, followed by fusion surgery, is identical to the situation in *Matter of Barnes,* and is very similar to the facts in *Rupe* and *Malkowski.* In each case, a man suffered an injury during his employment which required relatively immediate medical attention for which he was promptly compensated. *Rupe,* 741 P.2d at 610; *Malkowski,* 741 P.2d at 604; *Matter of Barnes,* 587 P.2d at 216; *Scullion,* 62 P.2d at 539. Each man then required additional surgery at a later date and was ultimately awarded benefits under the second compensable injury rule. *Rupe,* 741 P.2d at 610; *Malkowski,* 741 P.2d at 605–06; *Matter of Barnes,* 587 P.2d at 219; *Scullion,* 62 P.2d at 532.

The second compensable injury rule is applicable to Evenson, and he is entitled to temporary total disability benefits. Evenson's 1993 fusion surgery constitutes a second compensable injury for which the award of temporary total disability benefits is appropriate.

## SECOND SURGERY NOT REASONABLY CONTEMPLATED

■ Casper Oil also argues that Evenson's case is subject to the "reopening" requirements of Wyo.Stat. § 27–14–605 (1991). The hearing examiner and the district court rejected this argument. These decisions implicitly rely on Wyo.Stat. § 27–14–404 (1991). We find Wyo.Stat. § 27–14–404 to be the controlling statute.

■ The analysis and comparison of Wyo. Stat. §§ 27–14–404 and 27–14–605 are governed by this court's traditional rules of statutory interpretation. The legislative intent, as manifested in the plain language of the statutes is the controlling consideration. *Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n,* 845 P.2d 1040, 1042 (Wyo.1993).

Wyo.Stat. § 27–14–605(a) provides:

If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for **additional** medical and disability benefits or for a **modification** of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud.

(Emphasis added.)

Evenson is not seeking additional benefits nor is he seeking to modify the original award. He is seeking medical benefits and temporary total disability benefits, a process controlled by Wyo.Stat. §§ 27–14–401 (1991) and 27–14–404. Wyo.Stat. § 27–14–605 applies to original benefits awarded after a determination in favor of the employee. Medical benefits and temporary total disability benefits awarded at a later date pursuant to the second compensable injury rule are not among the benefits the statute controls. Wyo.Stat. § 27–14–605 rests on the premise that following an initial determination in fa-

vor of an injured employee, any party may, within four years of the award, seek to modify the benefits awarded. To modify the initial award, one must rely on Wyo.Stat. § 27-14-605.

Evenson is seeking temporary total disability benefits for the 1993 fusion surgery, a second compensable injury that was directly related to the initial back injury Evenson suffered in 1989. The fusion surgery arose out of the initial injury and the second compensable injury rule applies. Evenson filed his case pursuant to Wyo.Stat. § 27-14-404, and his claim is controlled by that statute. Wyo.Stat. § 27-14-404 provides, in pertinent part:

> (a) If *after a compensable injury* is sustained and as a result of the injury the employee is subject to *temporary total disability* as defined under W.S. 27-14-102(a)(xviii), the injured employee is entitled to receive a temporary total disability award for the period of temporary total disability as provided by W.S. 27-14-403(c).

> (b) Any employee awarded benefits under W.S. 27-14-405 or 27-14-406 is not eligible for benefits under subsection (a) of this section unless he undergoes additional surgery not reasonably contemplated before the award for permanent disability and then only for a reasonable period of recuperation, confinement for medical care during the actual period of confinement or unless application is made and an award is granted under W.S. 27-14-605.

(Emphasis added.)

▪ The phrase "[i]f after a compensable injury" is important to our analysis. Wyo. Stat. § 27-14-404(a). The phrase neither creates nor is subject to any time limitations. The statute simply requires that the temporary disability be the result of a compensable injury. The statute does not require that the temporary disability come about as a result of the *first* compensable injury, or the *original* compensable injury, but simply that the temporary disability be caused by *a* compensable injury. The statute in no way limits the award of temporary total disability benefits for a *second* compensable injury to a

certain period of time following the first or original compensable injury.

▪ There is, however, a limitation on benefits sought pursuant to Wyo.Stat. § 27-14-404. That limitation is articulated in Wyo.Stat. § 27-14-404(b) which provides, in pertinent part: "Any employee awarded benefits under W.S. 27-14-405 or 27-14-406 is not eligible for benefits under subsection (a) of this section unless he undergoes additional surgery *not reasonably contemplated before the award for permanent disability* and then only for a reasonable period * * *." (Emphasis added.)

Pursuant to Wyo.Stat. § 27-14-405 (1991), Evenson was awarded $8,638.92 in permanent partial disability benefits for the back injury he suffered in 1989 and was assigned a thirteen percent permanent partial disability rating. His claim is, therefore, subject to Wyo.Stat. § 27-14-404(b) and he can recover temporary total disability benefits pursuant to Wyo.Stat. § 27-14-404 only if the 1993 fusion surgery was not reasonably contemplated when he received the permanent partial disability benefits for the 1989 back surgery. The hearing examiner determined that the 1993 fusion surgery was not reasonably contemplated when Evenson was awarded permanent partial disability benefits.

Casper Oil insists that the 1993 fusion surgery was reasonably contemplated when Evenson was awarded permanent partial disability benefits for the 1989 back surgery. Casper Oil asserts that on May 1, 1990, Evenson's original doctor noted, in reference to Evenson's continued back problems, that "*[i]f* we get backed into the corner, we may yet end up reexploring this disc, *but* hopefully we won't have to [do] that." (Emphasis added.) On July 10, 1990, Evenson's doctor wrote:

> I think that we are probably looking at a redo of that disc and a lumbosacral fusion. In that regard we are getting a spine surgeon [Dr. Donner] in the group in a few weeks and I would like him [Evenson] to come back and see Dr. Donner for a second opinion along those lines and probable consideration for redo surgery.

Dr. Donner did not recommend fusion surgery. He treated Evenson with physical therapy and an anti-inflammatory agent. It was not until February of 1993 when Evenson saw the third doctor at the clinic, Dr. Beard, that fusion surgery was recommended and ultimately scheduled.

Substantial evidence supports the conclusion that the 1993 fusion surgery was not reasonably contemplated when Evenson was awarded temporary total disability benefits. *See, Montana Dakota Utilities Co.*, 847 P.2d at 983.

### TERMINATION FOR MISCONDUCT CANNOT BAR BENEFITS

■ Casper Oil argues that Evenson is not entitled to temporary total disability benefits because any loss of income he suffered was a result of his own misconduct that culminated in his March 31, 1993 discharge. This argument lacks merit and the theory itself undermines the policy behind worker's compensation legislation.

■ If temporary total disability benefits were dependent upon the employee's continued employment with the company, then the incentive to fire injured workers would be high. Worker's compensation legislation is not intended to encourage this result. The worker's compensation legislation places the risk of loss and injury on industry rather than on the individual employee. *In re Jensen*, 63 Wyo. 88, 178 P.2d 897, 900 (1947); *see also, State ex rel. Wyoming Workers' Compensation Div. v. Medina*, 770 P.2d 1104, 1107 (Wyo.1989) (noting Wyoming's history of construing worker's compensation legislation to benefit the worker and to favor coverage). Wyo.Stat. § 27–14–101(b) (1991 & Cum.Supp.1994) states that worker's compensation legislation is intended to "assure the quick and efficient delivery of indemnity and medical benefits to injured and disabled workers * * *." Disallowing temporary total disability benefits because the company fired the injured worker will not result in the quick and efficient delivery of benefits. Casper Oil's proposed rule would place the risk of loss and injury on the individual employee rather than on industry. *See, In re Jensen*, 178 P.2d at 900.

### INAPPLICABILITY OF W.R.E. 608(A)

■ Casper Oil argues that the hearing examiner violated W.R.E. 608(a) by not allowing opinion testimony regarding Evenson's veracity. The hearing examiner ruled that the proffered testimony lacked proper foundation. Casper Oil argues that the ruling denied it an opportunity for a full contested hearing. Casper Oil's argument lacks merit.

■ The hearing examiner is not bound by the Wyoming Rules of Evidence. Evidentiary questions in administrative proceedings are controlled by Wyo.Stat. § 16–3–108(a) (1990). Wyo.Stat. § 16–3–108 provides, in pertinent part: "irrelevant, immaterial or unduly repetitious evidence shall be excluded * * *." Without reaching the question of whether the foundation for the proffered testimony was sufficient, we hold that the evidence Casper Oil sought to introduce was properly excluded as immaterial. The testimony was immaterial because Evenson's right to the disputed benefits was established by Dr. Beard's testimony, not Evenson's testimony. Evenson's reputation for veracity in the community is immaterial to the medical determination that the 1993 fusion surgery was a direct result of the initial back injury Evenson suffered in 1989.

### IV. CONCLUSION

The second compensable injury rule is alive and well. Evenson's 1993 fusion surgery constitutes a second compensable injury and he is entitled to the benefits awarded. The 1993 fusion surgery was not reasonably contemplated when Evenson received benefits for his initial back injury. The award is supported by substantial evidence and is affirmed.