In the Matter of the Worker's Compensation Claim of Brett C. YENNE–TULLY, Appellant (Petitioner),

v.

WORKERS' SAFETY AND COMPENSATION DIVISION, DEPARTMENT OF EMPLOYMENT, State of Wyoming, Appellee (Respondent).

No. 99–208.

Supreme Court of Wyoming.

Sept. 29, 2000.

Representing Appellant: Donald L. Painter, Casper, WY. Argument by Mr. Painter.

Representing Appellee: Gay Woodhouse, Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Senior Assistant Attorney General. Argument by Mr. Haggerty.

Before LEHMAN, C.J., and THOMAS, MACY,* GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

Brett C. Yenne–Tully (Yenne–Tully) appeals a denial of workers' compensation benefits. Finding that the Hearing Examiner failed to apply the correct burden of proof, we reverse the Order Denying Benefits and remand for reconsideration.

### ISSUES

Yenne–Tully presents this statement of the issues:

1. Whether the Hearing Examiner correctly invoked the burden of proof under W.S.1977 § 27–14–603(a).

2. Whether the hearing examiner correctly relied upon the apportionment of an injury between employment-related and non-employment-related in determining that there had been a failure to meet the burden of proof.

The Workers' Safety and Compensation Division (Division) states the issues as:

The Employee hurt his back at work in 1989, and the Division paid benefits to [him] for an L5–S1 disc injury. After a six-year lapse in benefits his symptoms worsened, and he underwent surgery for an L4–L5 disc herniation.

A. Did substantial evidence support the application of the burden of proof for injuries occurring over time?

B. Did the Hearing Examiner properly require proof that the disc herniation was directly caused by work?

### FACTS

Yenne–Tully suffered his first back injury when a snow fence fell on him in 1982. He received treatment and missed two or three days of work. He had no further back problems until August 1989, when he fell down a flight of stairs while working as a guard at the Wyoming State Penitentiary. CT scans the following summer revealed a disc bulge at the L3–L4 level, as well as "some significant irregularity, primarily at the L5–S1,

more minor at the L4–L5 level." An MRI in December 1991 showed "early degenerative changes of the intervertebral disk at the L5–S1 level, without herniation." The Division paid for Yenne–Tully's conservative treatment for his back through December 1991. Yenne–Tully continued to lead an active life, but experienced constant back pain and had to leave work early or miss work on many occasions. In December 1997, he awoke one morning and could not move due to extreme pain. An MRI the following month revealed a herniated disc at the L4–L5 level. The disc was surgically repaired in January 1998.

Yenne–Tully sought workers' compensation benefits for his surgery, believing the herniated disc to be causally related to his 1989 fall. The Division denied benefits, stating that, "[t]he current condition is due to a herniation at the L4–L5 level which was not effected in the original injury." A hearing was held at Yenne–Tully's request on September 23, 1998. Four of his coworkers testified that since the 1989 accident, Yenne–Tully complained of, and exhibited symptoms of, back pain. Exhibits included the report and deposition of a physician appointed by the Division to examine Yenne–Tully and review his medical records.

The Hearing Examiner issued an Order Denying Benefits on October 20, 1998. Yenne–Tully sought review in the district court, which affirmed the Hearing Examiner's order. Yenne–Tully then appealed to this court.

### STANDARD OF REVIEW

▇▇▇▇ We review workers' compensation cases using the following standard:

The interpretation and correct application of the provisions of the Wyoming Workers' Compensation Act is a question of law over which our review authority is plenary. *Tenorio v. State ex rel. Wyoming Workers' Compensation Div.*, 931 P.2d 234, 237 (Wyo.1997); *Claim of Nielsen*, 806 P.2d 297, 299 (Wyo.1991). Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. *Matter of Corman*, 909 P.2d 966, 970

* Retired June 2, 2000.

(Wyo.1996); *Aane[n]son v. State ex rel. Wyoming Worker's Compensation Div.,* 842 P.2d 1077, 1079 (Wyo.1992). We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law. *Matter of Gneiting,* 897 P.2d 1306, 1308 (Wyo.1995); *City of Casper v. Haines,* 886 P.2d 585, 587 (Wyo.1994).

*Wright v. State ex rel. Workers' Safety and Compensation Div.,* 952 P.2d 209, 211 (Wyo. 1998).

### *DISCUSSION*

■ In his first issue, Yenne–Tully contends the Hearing Examiner erred when she found that the injury for which he sought benefits occurred over a substantial period of time. In accordance with that finding, the Hearing Examiner applied the burden of proof from Wyo. Stat. Ann. § –14–603(a) (Lexis 1999).[1] Yenne–Tully argues that his injury occurred at the time of the 1989 accident, but grew worse over time. The Division responds that the injury did occur over time, as the result of cumulative trauma from day-to-day living.

■ Neither party cites authority for the propositions that Yenne–Tully's herniated disc was, or was not, an injury occurring over a substantial period of time. We believe that § 27–14–603 was intended to require a higher burden of proof for workers claiming benefits for illnesses or injuries developing over time without a definite triggering accident or event. Such situations might include repetitive motion injuries or repeated exposure to caustic or carcinogenic substances. In contrast, we have rejected the application of § 27–14–603 when the claimant's injury was precipitated by a single, identifiable incident.

*Sherwin–Williams Co. v. Borchert,* 994 P.2d 959, 964 (Wyo.2000); *Dougherty v. J.W. Williams, Inc.,* 820 P.2d 553, 555 (Wyo.1991).

■ In cases such as this one, where an initial compensable injury ripens into a condition requiring additional medical intervention, the second compensable injury rule is applicable. *Casper Oil Co. v. Evenson,* 888 P.2d 221, 224 (Wyo.1995). In *Casper Oil,* we quoted the following explanation of the second compensable injury rule from *Baldwin v. Scullion,* 50 Wyo. 508, 530–31, 62 P.2d 531, 539 (1936):

> [I]t seems to us palpably unjust to the employee to deny him compensation because he has tried to keep his place on the employer's pay roll by doing his regular work and then has found that conditions produced at the time of the accident, and which medical science could not recognize or whose final consequences it could not forecast, have gradually and ultimately produced a compensable injury. We do not think the language employed in the law by our State Legislature was reasonably intended to produce any such result.

*Casper Oil,* 888 P.2d at 224.

We recently invoked the second compensable injury rule in a factually similar case. *Pino v. State ex rel. Workers' Safety and Compensation Div.,* 996 P.2d 679, 685 (Wyo. 2000). A workplace accident resulted in a mild disc bulge in Pino's spine. He received treatment, but continued to experience pain that occasionally required him to miss work. About 21 months after his accident, the disc herniated when Pino coughed. We held that the herniation was compensable because it resulted from the initial accident. The greater period of time and absence of a specific event marking the herniation do not significantly distinguish the case at hand from *Pino.* We hold, therefore, that the Hearing

---

1. Wyo. Stat. Ann. § 27–14–603(a) reads:

   The burden of proof in contested cases involving injuries which occur over a substantial period of time is on the employee to prove by competent medical authority that his claim arose out of and in the course of his employment and to prove by a preponderance of evidence that:

   (i) There is a direct causal connection between the condition or circumstances under which the work is performed and the injury;

   (ii) The injury can be seen to have followed as a natural incident of the work as a result of the employment;

   (iii) The injury can fairly be traced to the employment as a proximate cause;

   (iv) The injury does not come from a hazard to which employees would have been equally exposed outside of the employment; and

   (v) The injury is incidental to the character of the business and not independent of the relation of employer and employee.

Examiner erred when she imposed the burden of proof for injuries occurring over a substantial period of time.

 The Division argues, in the alternative, that even if the injury did not occur over a substantial period of time, the Hearing Examiner correctly applied the similar burden of proof from Wyo. Stat. Ann. § 27–14–605 (Lexis 1999).[2] In a prior decision applying the second compensable injury rule, we held that the claimant need not comply with the provisions of § 27–14–605, because the case is not actually being reopened. *Casper Oil Co. v. Evenson*, 888 P.2d at 225. Our rationale was:

> Wyo. Stat. § 27–14–605 applies to original benefits awarded after a determination in favor of the employee. Medical benefits and temporary total disability benefits awarded at a later date pursuant to the second compensable injury rule are not among the benefits the statute controls.

*Id.* Finding that same reasoning applicable here, we hold that the Hearing Examiner incorrectly applied the burden of proof imposed by § 27–14–605.

Having determined that the Hearing Examiner invoked the inappropriate burdens of proof, it is of no consequence whether those burdens were met. The decision of the Hearing Examiner is reversed, and the case is remanded to the Office of Administrative Hearings for reconsideration in light of the second compensable injury rule.

---

2. Wyo. Stat. Ann. § 27–14–605 reads:

(a) If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud. The division may, upon the same grounds and within the same time period, apply for modification of medical and disability benefits to a hearing examiner or the medical commission, as appropriate.

(b) Any right to benefits shall be terminated and is no longer under the jurisdiction of this act if a claim for any benefit is not filed with the division within the four (4) year limitation prescribed under subsection (a) of this section. (c) A claim for medical benefits which would otherwise be terminated under subsection (b) of this section and barred under W.S. 27–14–503(a) and (b) may be paid by the division if the claimant:

(i) Submits medical reports to the division substantiating his claim;

(ii) Proves by competent medical authority and to a reasonable degree of medical certainty that the condition is directly related to the original injury; and

(iii) Submits to an examination by a health care provider selected by the division and results of the examination validate his claim.