2006 WY 2

Anne WHITE, Appellant (Defendant),

v.

**TABLE MOUNTAIN RANCHES OWNERS ASSOCIATION, INC.,** Appellee (Plaintiff).

No. 04–254.

Supreme Court of Wyoming.

Jan. 5, 2006.

Representing Appellant:  Anne U. White, Pro Se, Cheyenne, Wyoming.

Representing Appellee:  No Appearance.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1]   Anne White appeals from an order holding her in contempt of a January 20, 2000 permanent restraining order that required her to remove cattle from two lots in the Table Mountain Ranches Subdivision of

Laramie County, Wyoming. In this appeal, no hearing transcript was created, Ms. White failed to supplement the record according to W.R.A.P. 3.03, and the appellees, Table Mountain Ranches Owners Association, Inc. (TMR), did not file a brief. Based on the limited information available for our review, we affirm.

## ISSUES

[¶ 2] The issues presented are:

I. Whether Ms. White should have been allowed to supplement the record?

II. Whether the district court erroneously awarded attorney's fees to TMR?

III. Whether enforcing the order holding Ms. White in contempt would be inequitable?

IV. Whether service of the order setting a hearing was inadequate?

## FACTS[1]

[¶ 3] Ms. White owns two adjoining parcels of land in the Table Mountain Ranches Subdivision. The subdivision is encumbered by certain restrictive covenants, which covenants include an agreement that:

> No animals or livestock of any kind shall be housed, raised or kept on any tract or property either temporarily or permanently except that commonly accepted domestic pets may be kept, provided they are not kept or maintained for any commercial purposes, and except that no more than four (4) horses for each individual tract may be kept.

In addition, the document allows TMR to recover attorney's fees if judicial action is required to enjoin a landowner from breaching the covenants.

[¶ 4] On November 2, 1999, TMR filed a Petition for a Permanent Restraining Order against Ms. White. The petition alleged that Ms. White was keeping cattle on her land in violation of the covenants and asked for injunctive relief and an award of attorney's fees. Ms. White did not deny that she was keeping cattle on her land, but claimed that the covenant was unenforceable because it had "never been enforced" against other landowners. After hearing arguments from both parties, the district court granted the permanent restraining order and ordered Ms. White to pay TMR's attorney's fees.

[¶ 5] On December 5, 2003, TMR filed a third motion for order to show cause [2] alleging that Ms. White had refused to remove cattle from her land in violation of the restrictive covenant. A hearing was scheduled for February 2004, but was vacated because Ms. White attempted to have the district court judge removed for bias. In August 2004, the motion was scheduled to be heard on September 8, 2004. No transcript or other recording of that hearing is available, but the district court made findings and again held Ms. White in contempt. She was ordered to pay a $500 fine, an additional $250 fine for each day that she kept cattle on her Table Mountain Ranches property after September 8, and TMR's attorney's fees. This appeal followed.

## STANDARD OF REVIEW

[¶ 6] When reviewing an appeal from a contempt citation, we will not overturn the trial court's action except for an abuse of discretion since the inherent power to summarily punish for contempt is securely vested within a trial judge's discretion. *Horn v. District Court, Ninth Judicial District*, 647 P.2d 1368, 1375 (Wyo.1982). The ultimate question in determining whether an abuse of discretion has occurred is whether the district court could have reasonably concluded as it did. *GGV v. JLR*, 2002 WY 19, ¶ 14, 39 P.3d 1066,

---

1. Though the record is nearly devoid of any verified factual evidence, we have gleaned this information from Ms. White's brief and the pleadings filed in the district court and present these "facts" merely to provide context to the issues discussed in this opinion. *See Parker v. Parker*, 750 P.2d 1313, 1313 (Wyo.1988). We remain cognizant, however, that this background information does not find testimonial or other evidentiary support in the record.

2. Ms. White had been held in contempt of the January 2000 order twice before the instant action.

¶ 14 (Wyo.2002); *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998).

*Horn v. Welch*, 2002 WY 138, ¶ 8, 54 P.3d 754, 758 (Wyo.2002).

## DISCUSSION

### Reconstructing the Record

■ [¶ 7] During the pendency of this appeal, Ms. White filed two motions with this Court. She requested an extension of time so that she could supplement or "reconstruct" the record, and also asked us simply to add documents and other evidence to the record. Ms. White argued that the record does not contain critical information that was presented at her third contempt hearing because the proceedings were not recorded. We denied both motions because Ms. White failed to prepare a statement of the evidence or proceedings pursuant to W.R.A.P. 3.03.[3] In fact, in Ms. White's second motion, it became clear that she did not intend to create such a statement. Instead, she sought unilaterally to add documents and other evidence to the record[4] that may or may not have been presented at her hearing.

[¶ 8] We affirm our decision not to allow Ms. White to supplement or reconstruct the record. We have said that a *"pro se* litigant is entitled to some leniency from the stringent standards applied to formal pleadings drafted by attorneys. However, there must be a reasonable adherence to the procedural rules and requirements of the court." *Young v. State*, 2002 WY 68, ¶ 9, 46 P.3d 295, 297 (Wyo.2002). W.R.A.P. 3.03 was designed to avoid the situation we now face. An opposing party must be allowed to review—and the district court approve—a statement of the evidence or proceedings before it becomes part of the record. This assures us that, on appeal, the evidence in the record transmitted to us is accurate. When a party seeks to "reconstruct" the record *ex parte*, no

such assurance exists and we will not allow such supplementation in the instant case. Because she made no attempt to supplement the record in the district court according to W.R.A.P. 3.03, we will affirm our earlier orders prohibiting Ms. White's attempt to construct a record.

### Attorney's Fees

[¶ 9] Ms. White claims that the third motion for order to show cause was brought not by TMR, but by Christine Christiansen, TMR's secretary, acting in an individual capacity. Therefore, she claims that the provision in the restrictive covenants that allows TMR to recover attorney's fees is not applicable and Ms. Christiansen should have to pay her own attorney's fees.

■ [¶ 10] We can discern no evidence from the record in support of Ms. White's contention. "[I]t is the appellant's burden to bring a sufficient record to this Court to allow review of the district court's discretionary decisions." *Beeman v. Beeman*, 2005 WY 45, ¶ 12, 109 P.3d 548, 552 (Wyo.2005). Moreover, "[t]his Court cannot rely on the allegations and averments contained within pleadings and briefs as being accurate statements of facts." *Small v. Convenience Plus Partners, Ltd.*, 6 P.3d 1254, 1255 (Wyo.2000). Apart from the assertion in her brief and a handwritten "Statement Contesting Attorney's Fees," Ms. White has presented us with no evidence that Ms. Christiansen was acting in an individual capacity. To the contrary, the third motion for order to show cause was brought in TMR's name, drafted by TMR's attorney, and contained an affidavit from Ms. Christiansen in her capacity as secretary for TMR. Because Ms. White's argument is not supported by the record, we affirm the district court's award of attorney's fees.

3. W.R.A.P. 3.03 states:
   If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means including appellant's recollection. The statement shall be served on appellee, who may serve objections or propose amendments within 15 days after service. The statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the trial court in the record on appeal.

4. For instance, Ms. White sought to add third-party affidavits, maps and photos, TMR minutes, various letters, and a police report.

## Inequitable Enforcement

[¶ 11]   Ms. White claims, for the first time in this appeal, that continuing to enforce the permanent injunction against her would inequitably burden her under the "relative hardship" doctrine.[5]  We will not consider this argument further because it is based on assertions and averments unsupported by the record and we will not consider such an argument for the first time on appeal.  *Carabajal v. Wyo. Workers' Safety and Comp. Div.*, 2005 WY 119, ¶ 20, 119 P.3d 947, 954 (Wyo.2005).  While Ms. White is correct that we may consider some issues for the first time on appeal, *see id.*, we will decline to weigh the "relative hardship" of continued enforcement of the permanent restraining order because there is no evidence in the record upon which we could base a decision.

## Inadequate Service

[¶ 12]   Finally, Ms. White claims that service of the district court's order setting the "show cause" hearing was inadequate because she was not informed of the time and date until the evening before the hearing.  Again, this issue was not raised before the district court and is not supported by the record.  The record only reflects that Ms. White's attorney was served with the setting order via United States mail on August 8, 2004—a full month before the hearing.  Therefore, we need not consider this argument further.

### CONCLUSION

[¶ 13]   Ms. White's attempts to supplement the record in this case did not comply with W.R.A.P. 3.03 and were properly denied.  Ms. White's other arguments must fail because they are not supported by the record.  In addition, Ms. White's equitable argument and her claim that service was inadequate must fail because they were raised for the first time on appeal.

[¶ 14]   Affirmed.

---

5.   Under the relative hardship doctrine, a restrictive covenant will not be enforced against a landowner "if the defendant will be subject to great hardship or the consequences would be inequitable...."  20 Am.Jur.2d *Covenants, Conditions, and Restrictions* § 278 (1995).