FOX, Justice.
[¶1] Approximately six years after receiving workers' compensation benefits for a workplace injury to his right knee, James A. Hall underwent another knee surgery, approved by the State of Wyoming Workers' Compensation Division (the Division). The Division denied Mr. Hall's application for temporary total disability (TTD) benefits, alleging that Wyo. Stat. Ann. § 27-14-605(b) terminated Mr. Hall's right to TTD benefits. On summary judgment, the Office of Administrative Hearings (OAH) did not uphold the Division's determination, concluding that § 27-14-605 did not govern Mr. Hall's claim and Mr. Hall was entitled to TTD benefits as a matter of law. The district court affirmed the OAH's judgment, and the Division now appeals. We affirm.
ISSUE
[¶2] The Division raises one issue in this appeal, rephrased as: Does Wyo. Stat. Ann. § 27-14-605 bar a claimant from receiving temporary total disability benefits for a second compensable injury when he has not filed a claim for benefits on his original injury within four years?
FACTS
[¶3] The facts of this case are not disputed. In 2007, Mr. Hall suffered a work-related injury to his right knee, for which the Division paid medical and TTD benefits. Mr. Hall underwent arthroscopic surgeries in 2007 and 2008 and filed no further claims for benefits until 2014, when the Division "reopened" Mr. Hall's claim for medical benefits and preapproved a total knee arthroplasty. After the surgery, Mr. Hall's physician certified him as temporarily totally disabled as a result of the arthroplasty, but the Division *625 denied Mr. Hall's application for TTD benefits. The Division stated that it could reopen Mr. Hall's case only for medical benefits pursuant to Wyo. Stat. Ann. § 27-14-605(c).
[¶4] Mr. Hall appealed the Division's determination to the OAH. The Division agreed that the total knee arthroplasty was reasonable, necessary, and related to Mr. Hall's 2007 work injury. The Division also agreed that Mr. Hall met the causation requirements of either § 27-14-605(c) or the second compensable injury rule. The sole issue was whether Mr. Hall was entitled to TTD benefits related to the total knee arthroplasty after not seeking benefits on his original injury for over four years. On summary judgment, the OAH concluded that Mr. Hall suffered a second compensable injury that § 27-14-605 did not control, thus entitling Mr. Hall to TTD benefits. The district court affirmed the OAH's decision. The Division timely filed this appeal.
STANDARD OF REVIEW
[¶5] The parties ask us to interpret § 27-14-605 and its applicability to second compensable injuries, which are questions of law that we review de novo. State ex rel.,Wyo. Workers' Safety & Comp. Div. v. Smith , 2013 WY 26, ¶ 9, 296 P.3d 939, 942 (Wyo. 2013). "Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law." Id. (citations omitted). We review the district court's decision as if it had come directly from the administrative agency. Id. (citation omitted).
DISCUSSION
[¶6] The Wyoming Worker's Compensation Act (the Act), Wyo. Stat. Ann. §§ 27-14-101 through 27-14-806 (LexisNexis 2017), provides employees exclusive rights and remedies against employers for workplace injuries. Wyo. Stat. Ann. § 27-14-104(a). Under the Act, an "injury" is "any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, arising out of and in the course of employment ...." Wyo. Stat. Ann. § 27-14-102(a)(xi). We have long held that "the term 'injury,' as used in the Worker's Compensation [Act], means compensable injury and is not used in the sense of the occurrence of an industrial accident giving rise to or causing the compensable injury." Smith , 2013 WY 26, ¶ 14, 296 P.3d at 943 (quoting In re Barnes , 587 P.2d 214, 218 (Wyo. 1978) ). Thus, "a single incident at work can give rise to more than one compensable injury." Hardy v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div. , 2017 WY 42, ¶ 12, 394 P.3d 454, 457 (Wyo. 2017) (citations omitted).
[¶7] What is commonly known as a "second compensable injury" includes, as is the case here, "an initial compensable injury [that] ripens into a condition requiring additional medical intervention." Id. (citing Kenyon v. State ex rel. Wyo. Workers' Safety & Comp. Div. , 2011 WY 14, ¶ 15, 247 P.3d 845, 850 (Wyo. 2011), quoting Yenne-Tully v. Workers' Safety & Comp. Div., Dep't of Emp't , 12 P.3d 170, 172 (Wyo. 2000) ( Yenne-Tully I ) ); see also Casper Oil Co. v. Evenson , 888 P.2d 221, 224-25 (Wyo. 1995) ; In re Barnes , 587 P.2d at 215-19. This is consistent with § 27-14-102(a)(xi), as the additional medical intervention is necessitated by a "harmful change in the human organism other than normal aging." The "second compensable injury rule" requires a claimant to prove "by a preponderance of the evidence, that it is more probable than not that a causal connection exists between the first and second injuries." Hardy , 2017 WY 42, ¶ 12, 394 P.3d at 457 (citing In re Kaczmarek , 2009 WY 110, ¶ 11, 215 P.3d 277, 282-83 (Wyo. 2009) ).
[¶8] Once an employee establishes that his injury is compensable under the Act, he may apply to the Division for a range of benefits, such as compensation for medical expenses, temporary disability, permanent disability, vocational rehabilitation, and death. See Wyo. Stat. Ann. §§ 27-14-401 through 27-14-408. One such benefit is TTD, which Wyoming law defines as "that period of time an employee is temporarily and totally incapacitated from performing employment *626 at any gainful employment or occupation for which he is reasonably suited by experience or training .... [which] terminates at the time the employee completely recovers or qualifies for benefits under W.S. 27-14-405 or 27-14-406." Wyo. Stat. Ann. § 27-14-102(a)(xviii). The purpose of a TTD award is "to provide income for an employee during the time of healing from his injury and until his condition has stabilized." Smith , 2013 WY 26, ¶ 10, 296 P.3d at 942 (citation omitted). Wyo. Stat. Ann. § 27-14-404(a) entitles an employee to receive TTD "if after a compensable injury is sustained and as a result of the injury the employee is subject to temporary total disability as defined under W.S. 27-14-102(a)(xviii)."
[¶9] The Division argues that § 27-14-605 limits the award of TTD benefits for second compensable injuries, terminating all but medical benefits to a claimant who, as here, suffers a second compensable injury outside the four-year limitation period of § 27-14-605(a). We have regularly rejected similar arguments in the past.[1] The Division nevertheless urges us to abandon our long-established caselaw to adopt its interpretation of § 27-14-605(b) and (c).
[¶10] We recognize "a strong interest in adhering to past precedent under the doctrine of stare decisis. " Collins v. COP Wyo., LLC , 2016 WY 18, ¶ 15, 366 P.3d 521, 525 (Wyo. 2016) (citations omitted). The principle of stare decisis furthers the "evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." State ex rel. Wyo. Workers' Comp. Div. v. Barker , 978 P.2d 1156, 1161 (Wyo. 1999) (quoting Cook v. State , 841 P.2d 1345, 1353 (Wyo. 1992), in turn quoting Payne v. Tennessee , 501 U.S. 808, 827, 111 S.Ct. 2597, 2609, 115 L.Ed.2d 720 (1991) ). Although we are not compelled to follow precedent that is poorly reasoned or no longer workable, Barker , 978 P.2d at 1161, our examination of the plain text of § 27-14-605 confirms that our precedent on this issue is sound.
[¶11] Wyo. Stat. Ann. § 27-14-605 is titled "Application for modification of benefits; time limitation; grounds; termination of case; exceptions ," and provides that,
(a) If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud. The division may, upon the same grounds and within the same time period, apply for modification of medical and disability benefits to a hearing examiner or the medical commission, as appropriate.
(b) Any right to benefits shall be terminated and is no longer under the jurisdiction of this act if a claim for any benefit is not filed with the division within the four (4) year limitation prescribed under subsection (a) of this section.
(c) A claim for medical benefits which would otherwise be terminated under subsection (b) of this section and barred under W.S. 27-14-503(a) and (b) may be paid by the division if the claimant:
(i) Submits medical reports to the division substantiating his claim;
(ii) Proves by competent medical authority and to a reasonable degree of medical certainty that the condition is directly related to the original injury; and
(iii) Submits to an examination by a health care provider selected by the division and results of the examination validate his claim.
[¶12] When interpreting statutes, we bear in mind that "[t]he paramount consideration *627 is to determine the legislature's intent, which must be ascertained initially and primarily from the words used in the statute." Stallman v. State ex rel. Wyo. Workers' Safety & Comp. Div. , 2012 WY 147, ¶ 14, 288 P.3d 707, 712 (Wyo. 2012) (quoting Office of State Lands & Invs. v. Mule Shoe Ranch, Inc. , 2011 WY 68, ¶ 13, 252 P.3d 951, 954-55 (Wyo. 2011) ). "[T]he initial step in arriving at a correct interpretation ... is an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection." Parker Land & Cattle Co. v. Wyo. Game & Fish Comm'n , 845 P.2d 1040, 1042 (Wyo. 1993) (quoting Rasmussen v. Baker , 7 Wyo. 117, 50 P. 819, 823 (1897) ).
[¶13] We do not divide a statute "by a process of etymological dissection, into separate words, and then apply to each, thus separated from its context, some particular definition." Id. , 845 P.2d at 1043 (citations omitted). "[O]ur court has always understood and appreciated that statutory interpretation is a judicial process that emphasizes the functional relation between the parts and the whole." Id. ; see also Ball v. State ex rel. Wyo. Workers' Safety & Comp. Div. , 2010 WY 128, ¶ 29, 239 P.3d 621, 629 (Wyo. 2010). "As we read the text of a statute keeping in mind the functional relation between the parts and the whole, we know that statutory language may be either unambiguous or ambiguous." Parker Land & Cattle , 845 P.2d at 1043. When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. Ball , ¶ 29, 239 P.3d at 629 (citations omitted).
[¶14] The Division argues that the plain language of subsections 27-14-605(b) and (c) proves that their provisions apply to benefits for second compensable injuries. The Division misplaces its reliance on those subsections, as the purview of § 27-14-605 is defined by subsection (a). This is best illustrated by working backward through the section. Subsection (c) determines eligibility only for medical benefits, "which would otherwise be terminated under subsection (b)." Wyo. Stat. Ann. § 27-14-605(c). Likewise, the termination provision of subsection 27-14-605(b) applies only to claims for benefits "not filed with the division within the four (4) year limitation prescribed under subsection (a) of this section." Wyo. Stat. Ann. § 27-14-605(b). The limitation period of subsection (a) operates only on an application "for additional benefits or for a modification of the amount of benefits." Wyo. Stat. Ann. § 27-14-605(a). In short, an application for benefits must first be deemed an application for modification of or addition to benefits under § 27-14-605(a) before it becomes subject to the termination provision of § 27-14-605(b) or the causation analysis of § 27-14-605(c).
[¶15] The clear and unambiguous text of the statute compels us to reject the Division's invitation to overturn established precedent. Benefits for a second compensable injury do not constitute "additional benefits or ... a modification of the amount of benefits" as contemplated by § 27-14-605(a). A second compensable injury is a new injury, for which new benefits are authorized under Article 4 of the Act. Section 27-14-605 is limited to modifications of or additions to an existing award of benefits for a specific injury.
[¶16] "We presume that the legislature has acted in a thoughtful and rational manner with full knowledge of existing law, and that it intended new statutory provisions to be read in harmony with existing law and as part of an overall and uniform system of jurisprudence." Vaughn v. State , 2017 WY 29, ¶ 10, 391 P.3d 1086, 1091 (Wyo. 2017) (citation omitted). At the time § 27-14-404 and § 27-14-605 were enacted (and amended), it was firmly entrenched in Wyoming law that a second compensable injury is a new injury arising from an accident or incident. See Baldwin v. Scullion , 50 Wyo. 508, 62 P.2d 531, 539 (1936) ; In re Barnes , 587 P.2d at 218 ; Claim of Grindle , 722 P.2d 166, 170 (Wyo. 1986) ; Pac. Power & Light Co. v. Rupe , 741 P.2d 609, 610 (Wyo. 1987) ; Matter of Krause , 803 P.2d 81, 82 (Wyo. 1990). The Division acknowledges that Mr. Hall suffered a "new injury" under the Act.
[¶17] By its plain terms, Wyo. Stat. Ann. § 27-14-404(a) entitles an employee *628 to apply for TTD benefits for a new injury: "[i]f after a compensable injury is sustained and as a result of the injury the employee is subject to temporary total disability as defined under W.S. 27-14-102(a)(xviii), the injured employee is entitled to receive a temporary total disability award ...." (Emphasis added.)[2] A claim for TTD under § 27-14-404(a) thus may be grounded in a second compensable injury. As we explained in Evenson , "[t]he statute does not require that the temporary disability come about as a result of the first compensable injury, or the original compensable injury, but simply that the temporary disability be caused by a compensable injury." 888 P.2d at 226 (emphasis in original). On the other hand, an application under § 27-14-605(a) to modify or add to an existing award of benefits must be grounded in an "increase or decrease of incapacity due solely to the injury. " Id . at 225 (emphasis added). A second compensable injury cannot be the basis for a modification of or an addition to an existing award of benefits because it is not an "increase or decrease of incapacity due solely to the injury," Id ., but, instead, a wholly separate injury.
[¶18] Additionally, "a 'clear and unambiguous' provision has a meaning not contradicted by other language in the same act." 2A Sutherland Statutory Construction § 46:4 (7th ed. database updated November 2017) (citations omitted); see also Parker Land & Cattle , 845 P.2d at 1043. Therefore, "all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony." Ball , 2010 WY 128, ¶ 29, 239 P.3d at 629. The Division's construction of § 27-14-605 would plainly contradict the right to TTD benefits for a new injury granted by § 27-14-404. Our reading of § 27-14-605 maintains congruity. This is demonstrated by the legislature's use of "incident or accident" rather than "injury" to define the limitation period for TTD benefits in Wyo. Stat. Ann. § 27-14-404(a) : "The period for receiving a temporary total disability award under this section for injuries resulting from any one (1) incident or accident shall not exceed a cumulative period of twenty-four (24) months ...." (Emphasis added.) In Smith , we observed that the 24-month limitation is linked to the incident or accident : "Under the plain language of [ § 27-14-404(a) ], this limitation applies to all 'injuries' resulting from 'any one (1) incident or accident,' encompassing situations in which the claimant receives multiple injuries simultaneously or a subsequent compensable injury as the result of a single workplace accident." 2013 WY 26, ¶ 17, 296 P.3d at 944. If the legislature intended a second compensable injury to operate as a modification or addition to a previous award of benefits under § 27-14-605(a), it would have linked the basis for modified or additional benefits to the "incident or accident" rather than to the "injury." Instead, by grounding a modification in an "injury," the legislature preserved harmony with the right to benefits conferred in Article 4 of the Act.
[¶19] The second compensable injury rule and § 27-14-605 are separate analyses for different circumstances. Under the second compensable injury rule, when an employee claims that his new injury arose from a prior workplace accident, he must prove by a preponderance of the evidence that it is more probable than not that a causal connection exists between the accident and his current injury to obtain benefits under Article 4 of the Act. See Hardy , 2017 WY 42, ¶ 12, 394 P.3d at 458. If successful, the Division will make a "determination ... in favor of or on behalf of [the] employee for any benefits under this act"-which then may initiate the provisions of § 27-14-605.[3] Our precedent is *629 on point: " Wyo. Stat. § 27-14-605 rests on the premise that following an initial determination in favor of an injured employee, any party may, within four years of the award, seek to modify the benefits awarded." Evenson , 888 P.2d at 225-26 (emphasis added); see also In re Osenbaugh , 10 P.3d 544, 550 (Wyo. 2000) ("We construe the plain language of § 27-14-605(a) to provide an avenue for the filing of petitions to reopen and modify a prior award of benefits ...." (emphasis in original)); Carabajal v. State ex rel. Wyo. Workers' Safety & Comp. Div. , 2005 WY 119, ¶ 17, 119 P.3d 947, 953 (Wyo. 2005) (citing Yenne-Tully I , 12 P.3d at 173 (" Wyo. Stat. § 27-14-605 applies to original benefits awarded after a determination in favor of the employee." (emphasis added) ).) The provisions of § 27-14-605 do not apply to a second compensable injury-unless a claimant seeks to add to or modify benefits awarded for that injury.
[¶20] The Division erred by "reopening" Mr. Hall's claim for benefits for his original injury under § 27-14-605. Mr. Hall's initial compensable injury ripened into a condition requiring arthroplasty-a second compensable injury-for which he was entitled a new determination of benefits under Article 4 of the Act. Because the Division agreed that Mr. Hall met the causation requirements of the second compensable injury rule, and his doctor certified him as temporarily totally disabled as a result of the arthroplasty, Mr. Hall was eligible for TTD benefits under § 27-14-404.
CONCLUSION
[¶21] The plain and ordinary meaning of § 27-14-605 and § 27-14-404 is unambiguous and the reasoning of our precedent is sound. TTD benefits are determined under § 27-14-404, and, under subsection 404(a), a compensable injury forms the basis of a claim for TTD. Because Mr. Hall suffered a second compensable injury, he is entitled to TTD benefits pursuant to § 27-14-404(a). After the Division's determination of TTD benefits, Mr. Hall may seek to modify or add to that award in accordance with § 27-14-605. Affirmed.

Section 27-14-605 was enacted in 1986 and last amended in 1994. 1994 Wyo. Sess. Laws ch. 86, § 2 at 300. Since that time, we have consistently held that § 27-14-605 does not govern benefits for a second compensable injury. See , e.g. , Evenson , 888 P.2d at 225 ; Yenne-Tully v. State ex rel. Wyo. Workers' Safety & Comp. Div. , 2002 WY 90, ¶ 10, 48 P.3d 1057, 1062 (Wyo. 2002) (Yenne-Tully II ); Carabajal v. State ex rel. Wyo. Workers' Safety & Comp. Div. , 2005 WY 119, ¶ 10, 119 P.3d 947, 951 (Wyo. 2005) ; In re Kaczmarek , 2009 WY 110, ¶ 10, 215 P.3d at 281-82.

Eligibility for other employee benefits under the Act are likewise grounded in an "injury." See , e.g. , Wyo. Stat. Ann. § 27-14-401 (medical benefits are paid from the date of the compensable injury ); Wyo. Stat. Ann. § 27-14-405 (permanent partial disability awarded where employee, because of the injury , is unable to return to employment); Wyo. Stat. Ann. § 27-14-406 (benefits awarded where injury results in permanent total disability); Wyo. Stat. Ann. § 27-14-408 (vocational rehabilitation provided where the injury prevents the employee from returning to any occupation for which the employee has previous training or experience).

Wyo. Stat. Ann. § 27-14-605(a) states:
If a determination is made in favor of or on behalf of an employee for any benefits under this act, [then ] an application may be made to the division by any party within four (4) years from the date of the last payment for additional benefits or for a modification of the amount of benefits ....
(Emphasis added.)