2011 WY 20

**Sonny HWANG, Appellant (Plaintiff),**

v.

**STATE of Wyoming, DEPARTMENT OF TRANSPORTATION, Appellee (Defendant).**

**No. S–10–0120.**

Supreme Court of Wyoming.

Feb. 9, 2011.

Representing Appellant: R. Michael Vang, Fleener & Vang, LLC, Laramie, Wyoming.

Representing Appellee: Bruce A. Salzburg, Attorney General; Robin Sessions Cooley, Deputy Attorney General; Douglas J. Moench, Senior Assistant Attorney General; John S. Shumway.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, Sonny Hwang, challenges an order of the district court, affirming an order from the Office of Administrative Hearings (OAH) upholding the suspension of Mr. Hwang's driver's license. Mr. Hwang contends that the police officer who administered his breath test failed to comply with the fifteen-minute observation period required under Department of Health Rules and Regulations. We affirm.

## ISSUE

[¶ 2] Mr. Hwang presents the following issue:

Did the arresting officer present sufficient facts to find that the Licensee violated the elements of Wyoming's Implied Consent law, specifically that the officer presented sufficient "admissible" evidence to support that he complied with the 15 minute observation period for admission of a chemical test pursuant to Wyoming Statute § 31–6–105(a).

The Wyoming Department of Transportation (WYDOT) states the issue as follows:

Were the hearing examiner's findings regarding the credibility of the officer and the certified record based upon substantial, credible evidence?

## FACTS

[¶3] On June 12, 2009, at approximately 11:59 p.m., Mr. Hwang was stopped by Officer Drinkle of the Laramie Police Department for driving without his headlights illuminated. While speaking with Mr. Hwang, Officer Drinkle smelled a strong odor of alcohol and noticed that Mr. Hwang's eyes were red and glassy and that his speech was slurred. Mr. Hwang admitted to having seven drinks that evening. After performing poorly on the horizontal gaze nystagmus test and the "walk and turn" test, Mr. Hwang was arrested for driving while under the influence of alcohol in violation of Wyo. Stat. Ann. § 31–5–233(b) (LexisNexis 2009). For purposes of this appeal, Mr. Hwang stipulates that there was probable cause for the arrest.

[¶4] After the arrest, Officer Drinkle transported Mr. Hwang to the Albany County Detention Center, where he gave Mr. Hwang a breath test using an Intoximeter EC/IR. Prior to administering the breath test, Officer Drinkle read Mr. Hwang the implied consent advisement pursuant to Wyo. Stat. Ann. § 31–6–102. That statute provides that an individual who is arrested for driving under the influence is deemed to have given consent to a chemical test. Officer Drinkle asked Mr. Hwang if he would submit to a breath test and Mr. Hwang consented.

[¶5] In conjunction with his administration of the breath test, Officer Drinkle used the Wyoming Chemical Testing Program Intoximeter EC/IR Operational Checklist (Checklist) to document the results of the test. Officer Drinkle recorded times in the appropriate spaces on the Checklist using his wristwatch. The Checklist indicated that Officer Drinkle gave Mr. Hwang the implied consent advisement at "00:30," or 12:30 a.m., checked Mr. Hwang's mouth at 12:33 a.m., and took breath samples at 12:51 a.m. and 12:55 a.m. Officer Drinkle testified that he calibrated his watch with the clock at the detention center. The Intoximeter also had an internal clock and the printout from the machine indicated that Mr. Hwang gave his first breath sample at 12:51 and his second breath sample at 12:55. The Intoximeter printout and the Checklist reported that Mr. Hwang had a .15% blood alcohol content level at 12:51 a.m. In an offense report prepared one week after the arrest, Officer Drinkle stated that he escorted Mr. Hwang into the Intoximeter room after completing the observation period.

[¶6] Pursuant to Wyo. Stat. Ann. § 31–6–102(e), WYDOT sought to suspend Mr. Hwang's driver's license based on the breath test results. Mr. Hwang requested a contested case hearing to challenge the suspension. A hearing was held on August 27, 2009, and both Mr. Hwang and WYDOT offered testimony and presented evidence. WYDOT submitted a certified record, which included the Operational Checklist, the Intoximeter printout, and Officer Drinkle's offense report. In addition, Officer Drinkle testified that he observed Mr. Hwang for fifteen minutes prior to taking the breath samples.

[¶7] Mr. Hwang presented cell phone records indicating that a call was made to his employer at 12:43 a.m. on June 13, 2009. He testified that he requested to make a phone call while waiting to take the breath test and was told he needed to wait until he completed the test. He stated that he did not have his phone during the observation period, but was allowed to call his employer after he finished the test. Officer Drinkle did not recall whether Mr. Hwang had a cell phone with him or whether Mr. Hwang used his cell phone, but he agreed that the detention center's policy was to not allow use of a phone until after the chemical testing and booking processes were complete.

[¶8] Following the hearing, the OAH issued an Order Upholding *Per Se* Suspension. The hearing examiner found the evidence established that Officer Drinkle observed Mr. Hwang for the required fifteen minutes. The hearing examiner stated that

[Mr.] Hwang's testimony as to his recollection of the events in the early morning of June 13, 2009, was not as credible and believable as the documents in the certified record, which were prepared contemporaneously with the events, and Officer Drinkle's testimony due to the fact that [Mr.]

Hwang was significantly intoxicated at the time.

Mr. Hwang petitioned for review in the district court and the district court affirmed the decision of the OAH. Mr. Hwang filed a timely appeal to this Court.

### STANDARD OF REVIEW

[¶ 9]   When we consider an appeal from a district court's review of an administrative agency's decision, we review the case as if it had come directly from the administrative agency. *Dale v. S & S Builders, LLC,* 2008 WY 84, ¶ 8, 188 P.3d 554, 557 (Wyo.2008). Review of an administrative agency's action is governed by the Wyoming Administrative Procedure Act, which provides that the reviewing court shall:

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Wyo. Stat. Ann. § 16–3–114(c). Evidentiary issues are reviewed under the substantial evidence standard. *Dale,* ¶ 22, 188 P.3d at 561. The substantial evidence test is described as follows:

In reviewing findings of fact, we examine the entire record to determine whether there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's

conclusions. It is more than a scintilla of evidence.

*Id.,* ¶ 11, 188 P.3d at 558.

### DISCUSSION

[¶ 10]   Mr. Hwang asserts that the only issue in this case is whether he was observed for the required fifteen minutes prior to taking the chemical breath test. Wyo. Stat. Ann. § 31–6–105(a) provides that, in order for a chemical test to be valid, the test must be performed according to the methods approved by the Department of Health. With regard to breath alcohol analysis, Department of Health Rules and Regulations provide, in relevant part, as follows:

(a) Analytical procedures for breath alcohol analysis should include the following controls in conjunction with the testing of each subject:

(i) *Subject must be observed for a minimum of fifteen (15) minutes prior to testing to prevent residual mouth alcohol.* All foreign material (except dentures) must be removed from the mouth at the start of [the] observation period and [the] subject must not be allowed to smoke, eat, drink, or place anything in their oral cavity[,] etc.

Wyoming Department of Health, *Rules and Regulations for Chemical Analysis for Alcohol Testing,* ch. III, § 1(a)(i) (2004) (emphasis added). The purpose of the Department of Health's Rules is "[t]o insure scientific validity and uniform standards of practice for chemical analysis of alcohol." *Id.* at ch. I, § 2; *Peterson v. Wyo. DOT,* 2007 WY 90, ¶ 12, 158 P.3d 706, 710 (Wyo.2007).

[¶ 11]   Mr. Hwang concedes that the certified record appears to establish compliance with the fifteen-minute observation period. He argues, however, that his testimony and cell phone records established that it was not possible for Officer Drinkle to have completed the observation period prior to administering the breath test. He contends that if the observation period began at 12:33 a.m., as indicated by the Operational Checklist, and he made a cell phone call at 12:43 a.m., after he completed the breath test, then he was observed for less than the required fifteen minutes. Although Mr. Hwang present-

ed evidence that may have been in conflict with the evidence presented by WYDOT, "[o]ur job is not to re-weigh the evidence or determine credibility of witnesses. That is the responsibility of the finder of fact." *Batten v. Wyo. DOT Drivers' License Div.*, 2007 WY 173, ¶ 20, 170 P.3d 1236, 1243 (Wyo. 2007). Rather, pursuant to the standard of review applied to evidentiary findings at the agency level, we must determine whether there was substantial evidence to support the hearing examiner's decision to reject Mr. Hwang's evidence.

[¶ 12] Upon weighing the evidence, the hearing examiner found that

[Mr.] Hwang's testimony as to his recollection of the events in the early morning of June 13, 2009, was not as credible and believable as the documents in the certified record, which were prepared contemporaneously with the events, and Officer Drinkle's testimony due to the fact that [Mr.] Hwang was significantly intoxicated at the time.

With regard to the cell phone records, the hearing examiner noted that

there was no foundation provided as to the accuracy of the times and numbers provided on the log. Even assuming the phone log was accurate and synchronized with Officer Drinkle's wristwatch, in order for [Mr.] Hwang's argument to succeed this Office must believe [Mr.] Hwang's recollection that he or someone else did not have access to his phone during the observation period.

The hearing examiner stated that "this Office found Officer Drinkle's testimony confirming he completed the requisite fifteen minute observation of [Mr.] Hwang and stating he used his watch to measure the time to be more credible than [Mr.] Hwang's testimony and the phone log." The hearing examiner concluded that WYDOT established compliance with the fifteen-minute observation period by a preponderance of the evidence.

[¶ 13] We find that the hearing examiner's decision is supported by substantial evidence. The Operational Checklist, which was prepared contemporaneously with the breath test, showed that Mr. Hwang was observed for the eighteen-minute period that

elapsed between 12:33 a.m., when Officer Drinkle checked Mr. Hwang's mouth, and 12:51 a.m., when his first breath sample was taken. This evidence was corroborated by the Intoximeter printout, and by Officer Drinkle's offense report and testimony. Further, the hearing examiner's finding that Officer Drinkle's testimony was more credible than Mr. Hwang's testimony is reasonable in light of Mr. Hwang's level of intoxication during the observation period. We have no difficulty determining that there is "relevant evidence which a reasonable mind might accept in support of the agency's conclusions." The record contains substantial evidence to support the hearing examiner's conclusion that Officer Drinkle observed Mr. Hwang for fifteen minutes prior to taking a breath sample.

[¶ 14] Finally, Mr. Hwang argues that he should be allowed to supplement the record with certified copies of his phone records and the live testimony of his employer or, alternatively, that the case should be remanded so that he can provide this evidence to the OAH. However, we find no merit in this argument. Mr. Hwang has not applied to this Court for leave to present additional evidence pursuant to W.R.A.P. 12.08. In addition, Mr. Hwang has failed to show good cause why he did not present the evidence in his contested case hearing. *See* W.R.A.P. 12.08; *Shryack v. Carr Constr. Co.*, 3 P.3d 850, 856 (Wyo.2000). Mr. Hwang had the opportunity to present his evidence when the case was before the hearing examiner, and his failure to do so does not warrant our consideration of additional evidence on appeal.

[¶ 15] Affirmed.