# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 63

### APRIL TERM, A.D. 2014

### May 15, 2014

| | |
|---|---|
| JAMIE T. DUBBELDE, | |
| Appellant (Petitioner), | |
| v. | S-13-0179, |
| STATE OF WYOMING, ex rel., DEPARTMENT OF TRANSPORTATION, | |
| Appellee (Respondent). | |
| JAMIE T. DUBBELDE, | |
| Appellant (Petitioner), | |
| v. | S-13-0180 |
| STATE OF WYOMING, ex rel., DEPARTMENT OF TRANSPORTATION, | |
| Appellee (Respondent). | |

*Appeal from the District Court of Campbell County*
The Honorable John R. Perry, Judge

*Representing Appellant:*
 Donna D. Domonkos, Cheyenne, Wyoming.

*Representing Appellee:*

Peter K. Michael, Wyoming Attorney General; Robin Sessions Cooley, Deputy Attorney General; Douglas J. Moench, Senior Assistant Attorney General; Jackson M. Engels, Senior Assistant Attorney General.

*Before KITE, C.J., and HILL, BURKE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KITE, Chief Justice.**

[¶1] Jamie T. Dubbelde challenges the administrative ninety day suspension of his driver's license and his one year disqualification from driving a commercial vehicle. The focus of his appeal is the delay that occurred between his arrest for driving under the influence of alcohol in April 2011 and the Wyoming Department of Transportation's (WYDOT) August 2012 notification of the suspension and disqualification. We affirm.

## ISSUES

[¶2] Mr. Dubbelde presents the issues for our consideration as follows:

> ISSUE I
>
> Whether the Division should be prohibited from submitting a brief in this Court after it failed to timely file a brief in the District Court.
>
> ISSUE II
>
> Whether the OAH's Order Upholding Order of Suspension is arbitrary, capricious or otherwise not in accordance with the law.

[¶3] The State contends this Court may consider its brief whether or not it timely filed its brief in district court; Mr. Dubbelde is precluded from arguing the delay issue because he did not argue it during the administrative hearing; and, Mr. Dubbelde failed to make the required showing that good cause existed to modify the suspension and disqualification.

## FACTS

[¶4] Mr. Dubbelde was arrested for DUI on April 2, 2011. He provided a breath sample, which revealed a blood alcohol content (BAC) over .08%. Mr. Dubbelde pleaded guilty to DUI on April 4, 2011. For unexplained reasons, WYDOT did not notify Mr. Dubbelde until August 2012—sixteen months after his conviction—that he would be disqualified from using his commercial driver's license (CDL) for one year and the written notification did not mention the license suspension.[1]

---

[1] With regard to the license suspension, the implied consent law, Wyo. Stat. Ann. § 31-6-102(e), provides that if chemical test results indicate that a person stopped for suspected DUI has a BAC of 0.08% or more, the peace officer shall submit a signed statement to WYDOT and WYDOT shall suspend the person's driver's license for ninety days. Wyo. Stat. Ann. § 31-7-128 provides for a mandatory ninety day license suspension upon receipt by WYDOT of a driver's conviction for DUI. Similarly, Wyoming's CDL provisions require the arresting officer to submit a signed statement to WYDOT and, upon receipt of

1

[¶5] Upon receiving the notification from WYDOT in August 2012, Mr. Dubbelde requested a contested case hearing and enclosed payment for hearings on both the suspension and disqualification. WYDOT received the request on August 9, 2012, and forwarded it to the Office of Administrative Hearings (OAH) later in August. The OAH held a hearing on September 27, 2012.

[¶6] Mr. Dubbelde appeared without counsel. He asserted that if his license was going to be suspended and he was going to be disqualified from using his CDL, he should have been notified at the time of his conviction, not over a year later. He claimed it was unfair because he depended on driving for his livelihood.

[¶7] The OAH issued orders upholding the suspension and disqualification on the ground that Mr. Dubbelde was not contesting the DUI conviction and had not shown good cause under Wyo. Stat. Ann. § 31-7-105(e) (LexisNexis 2013) for modifying the administrative suspension and disqualification. Mr. Dubbelde obtained counsel and filed a petition for review of the orders in district court. He asserted his due process rights were violated when WYDOT failed to promptly institute suspension and disqualification proceedings. He further asserted Wyo. Stat. Ann. § 16-3-113 (LexisNexis 2013) requires license suspension proceedings to be "promptly instituted" and proceedings instituted nearly a year and a half after his DUI conviction violated the statute.

[¶8] WYDOT filed its brief in response after the deadline imposed by the district court. Mr. Dubbelde moved to strike the brief and requested that the district court not hear argument from WYDOT.[2] The district court did not rule on the motion. The district court issued an order affirming the OAH decisions. Mr. Dubbelde timely appealed to this Court.

---

the statement, WYDOT is required to disqualify the driver from driving a commercial vehicle subject to the driver's request for a hearing. Wyo. Stat. Ann. § 31-7-305. The record does not indicate whether WYDOT did not receive the officer's statements and/or the record of conviction until July of 2012, or whether it received them in 2011 and failed to notify Mr. Dubbelde until 2012.

[2] In his motion, Mr. Dubbelde cited W.R.A.P. 7.11(b) which provides:

> When the party holding the negative has failed to file and serve a brief as is required by these rules, and the brief of the party holding the affirmative has been duly filed and served within the time required, the party holding the affirmative may submit the case, with or without oral argument, and the other party shall not be heard.

It is not clear this provision applies to district court review of administrative decisions. Although W.R.A.P 1.02 states that district court review of administrative action "shall be governed by the appellate rules," which include Rule 7.11, Rule 12.01 provides that "all appeals from administrative action shall be governed by these rules" and Rule 12.09(c) provides the district court has the discretion to receive written briefs and hear oral argument.

# STANDARD OF REVIEW

[¶9] We review administrative rulings in accordance with the following standards:

> We review an appeal from a district court's review of an administrative agency's decision as if it had come directly from the administrative agency. *Dale v. S & S Builders, LLC*, 2008 WY 84, ¶ 8, 188 P.3d 554, 557 (Wyo.2008). Our review of an administrative agency's action is governed by Wyo. Stat. Ann. § 16-3-114(c)(ii) (LexisNexis 2011), which provides that the reviewing court shall:
>
> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
>
> (B) Contrary to constitutional right, power, privilege or immunity;
>
> (C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
>
> (D) Without observance of procedure required by law; or
>
> (E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

In reviewing an agency's factual findings:

> [W]e examine the entire record to determine whether there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions.

*Tiernan v. State, Dep't of Transp.*, 2011 WY 143, ¶ 9, 262 P.3d 561, 564 (Wyo. 2011), citing *Hwang v. State, Dep't of Transp.*, 2011 WY 20, ¶ 9, 247 P.3d 861, 864 (Wyo. 2011).

# DISCUSSION

### 1. *WYDOT's brief.*

[¶10] Mr. Dubbelde asks this Court not to consider the State's brief filed in this Court. He argues that consideration of the brief gives the State "a second bite at the apple" after failing to timely file its brief in district court. Among other assertions, the State responds that its untimely brief did not affect the outcome in district court; even if it had not filed a brief at all, the district court would have upheld the OAH orders.

[¶11] As reflected in paragraph 9 above, the standards governing our review require this Court to review the matter as if it came directly from the OAH. What happened in district court is not before us and not something we consider. The State timely filed its brief in this Court and we will consider it. In essence, Mr. Dubbelde asks this Court to sanction WYDOT for something that occurred in district court. The district court was the proper place for any such sanction to be imposed. Although the district court did not rule on the motion to strike the State's brief, the order upholding the OAH ruling makes no reference to the State's brief or arguments and we do not know whether the district court considered them or not. We decline to impose any sanction against WYDOT for what occurred in district court.

## 2. The OAH orders upholding the suspension and disqualification.

[¶12] Mr. Dubbelde asserts the orders are arbitrary, capricious and not in accord with law because the OAH misinterpreted § 31-7-105(e) and failed to consider his due process rights. Section 31-7-105(e) provides in relevant part that "[u]pon hearing, the hearing examiner shall either rescind or uphold the action or upon a showing of good cause, may continue or modify a suspension of the license." Mr. Dubbelde contends a showing of good cause is required only to continue or modify a suspension, not to have the suspension rescinded. He asserts that he sought rescission of both the suspension and disqualification on the ground that WYDOT delayed notifying him for over a year. Although he did not rely on it at the hearing when he appeared without counsel, he now cites § 16-3-113(c) which requires administrative license proceedings to be "promptly instituted." Mr. Dubbelde asserts proceedings instituted sixteen months after his DUI conviction were not promptly instituted as required by the statute.

[¶13] The State responds that Mr. Dubbelde should be precluded from arguing that the proceedings were not promptly initiated because he did not make that argument to the OAH. The State is incorrect to the extent it suggests Mr. Dubbelde did not assert the delay between his 2011 conviction and the 2012 notice as grounds for rescinding the license suspension and CDL disqualification. Contrary to the State's assertion, the delay was the *only* basis for Mr. Dubbelde's request for rescission. It is true that he did not cite § 16-3-113(c); however, we conclude he adequately raised the issue that the proceedings were not instituted in a timely manner. Once he raised the issue, the OAH was obligated to apply the applicable law. *See Carabajal v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2005 WY 119, ¶ 14, 119 P.3d 947, 954 (Wyo. 2005), quoting *Pino v. State*

4

*ex rel. Wyo. Workers' Safety & Comp. Div.,* 996 P.2d 679, 687 (Wyo. 2000) (a hearing examiner "has an obligation to invoke and apply the rules of law that support a claimant's theory of the case.")  The question is whether under the applicable law the delay entitled Mr. Dubbelde to rescission of the suspension or disqualification.

[¶14]  Mr. Dubbelde's driver's license was suspended pursuant to the following statute:

> **§ 31-7-128.  Mandatory suspension of license . . . for certain violations; …**
>
>      …
>      (b) Upon receiving a record of a driver's conviction under W.S. 31-5-233 or other law prohibiting driving while under the influence, the division shall suspend the license . . . for:
>           (i) Ninety (90) days for the first conviction;

Mr. Dubbelde was disqualified from driving a commercial vehicle pursuant to the following provision:

> **§ 31-7-305.  Disqualification and cancellation; right to a hearing.**
>
>      (a) Any person is disqualified from driving a commercial motor vehicle for a period of not less than one (1) year if convicted of a first violation arising from separate incidents of:
>           …
>           (viii) Driving or being in actual physical control of a motor vehicle while the alcohol concentration of the person's blood, breath or other bodily substance is eight one-hundredths of one percent (0.08%) or more;
>           …
>           (k) Before a person is disqualified from driving a commercial motor vehicle under this act, the department shall notify the person and provide an opportunity for a hearing and appeal in accordance with the provisions of W.S. 31-7-105.

[¶15]  Section 31-7-105 provides for administrative hearings in driver's license cases. Paragraph (a)(i), states that a hearing examiner designated by the OAH shall sit as the administrative hearing agency for WYDOT to hear all "contested cases involving per se suspensions involving a question of law . . . [and] commercial driver's license disqualifications."  Section § 31-7-105(d) provides that "before suspending, revoking,

5

canceling or denying the license or driving privilege of any person under this act . . . the department shall immediately advise the licensee in writing:  (i) Of his right to request a hearing[.]"

[¶16]  WYDOT advised Mr. Dubbelde of his right to a hearing and he requested one for both the suspension and disqualification.  With respect to driver's license suspension hearings, Wyoming law provides as follows:

> **§ 31-6-103.  Application for hearing; stay of suspension of license; scope of hearing**.
>           (a)  A timely request for a hearing shall stay the suspension until the order following the hearing is entered and all appellate review of the matter is completed, provided the stay of suspension is effective only so long as there is no suspension for a similar violation during the hearing and appeal period.
>           (b)  The scope of a hearing for the purposes of this act shall cover the issues of whether a peace officer had probable cause to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon a public street or highway in this state in violation of W.S. 31-5-233(b) or any other law prohibiting driving under the influence as defined by W.S. 31-5-233(a)(v), whether the person was placed under arrest, or if a test was administered, whether the test results indicated that the person had an alcohol concentration of eight one-hundredths of one percent (0.08%) or more, and whether, except for the persons described in this act who are incapable of cooperating with the administration of the test, he had been given the advisements required by W.S. 31-6-102(a)(ii).  At the conclusion of the hearing, the hearing examiner shall order that the suspension either be rescinded or sustained.  If a chemical test was administered, the hearing examiner has the same authority to modify a license suspension under this act as he does under W.S. 31-7-105.

Section 31-7-105(e) provides in relevant part that, "[u]pon hearing, the hearing examiner shall either rescind or uphold the action or upon a showing of good cause, may continue or modify a suspension of the license."

[¶17]  CDL disqualification hearings are governed by the following paragraph of Wyo. Stat. Ann. § 31-7-307 (LexisNexis 2013):

6

(j) At the conclusion of a hearing, the hearing examiner shall order the disqualification be rescinded or sustained. The scope of the hearing shall be limited to the issues of:

(i) Whether the peace officer had probable cause to believe the person was driving or in actual physical control of a commercial vehicle with alcohol . . . in his system;

(ii) Whether the results of a test indicated there was at least four one-hundredths of one percent (0.04%) of alcohol in the person's blood; and

(iii) Whether the person had been given the advisement required in subsection (c) of this section.

[¶18] Pursuant to these provisions, the OAH was to make three determinations at the hearing: whether probable cause existed to arrest Mr. Dubbelde for DUI; whether the test administered showed a BAC at or above the statutory limit; and whether the arresting officer gave the implied consent advisements. Depending upon its findings on these issues, the OAH had the authority to rescind, sustain, or, for good cause, modify the suspension. With respect to the CDL, the OAH had the authority to rescind or sustain the disqualification, but no authority to modify it. Here, Mr. Dubbelde did not challenge the existence of probable cause, the BAC test results or having received the advisements. Therefore, the only question for the OAH was whether the delay between Mr. Dubbelde's April 2011 conviction and receipt of notice from WYDOT warranted rescinding the suspension.

[¶19] The record does not show when or even whether WYDOT notified Mr. Dubbelde that his license was being suspended. Mr. Dubbelde requested a hearing and paid the fee for both the suspension and disqualification but the record is silent as to any notification from WYDOT that his license would be suspended. Mr. Dubbelde has not argued that he did not receive notification from WYDOT concerning the suspension and so we do not address the issue.

[¶20] As the foregoing discussion demonstrates, nothing in the motor vehicle statutes requires WYDOT to notify a licensee within so many days of a DUI conviction that the conviction disqualifies him from operating a commercial vehicle or results in suspension of his license. The only timeliness requirement of that nature in the motor vehicle statutes is the provision in § 31-7-105(d)(i) requiring WYDOT to "immediately" advise the licensee of his right to a hearing "before" disqualifying him or suspending his license. WYDOT met this requirement when by letter dated August 1, 2012, it advised Mr. Dubbelde "before" taking action with respect to his licenses of his right to a hearing.

[¶21] Mr. Dubbelde contends WYDOT did not satisfy the timing requirements of the Wyoming Administrative Procedure Act, which provides in relevant part as follows:

7

## § 16-3-113. License hearings.

(a)When the grant, denial, suspension or renewal of a license is required by law to be preceded by notice and an opportunity for hearing the provisions of this act concerning contested cases apply.

. . . .

(c) <u>No revocation, suspension, annulment or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by mail to the licensee</u> of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license. . . . <u>These proceedings shall be promptly instituted and determined</u>.

(Emphasis added.)   Mr. Dubbelde contends a driver's license proceeding instituted sixteen months after a DUI conviction giving rise to the agency proceeding is not "promptly instituted."  However, in *Gerstell v. State ex rel. Dep't of Revenue & Taxation*, 769 P.2d 389, 395 (Wyo. 1989), this Court held that proceedings are "instituted" within the meaning of § 16-3-113(c) when the agency forwards a request for a hearing to the OAH.

[¶22]   In *Gerstell*, 769 P.2d at 391, the petitioner was arrested for DUI.  Prior to her arrest, the police officer advised her that failure to submit to chemical tests would result in suspension of her driver's license and gave her a copy of a notice of suspension. Subsequently, she received notice from the agency advising her that her license would be suspended beginning three weeks hence.  She requested a hearing and the OAH upheld the suspension.

[¶23]   On review in this Court, the petitioner asserted the OAH decision was void because the agency had not complied with § 16-3-113(c) in that her license had been suspended before the agency gave her notice of the suspension and her right to a hearing. The Court concluded the petitioner's contention required interpreting § 16-3-113(c) to mean that the agency proceeding was instituted when the peace officer gave her the notice of suspension.  The Court rejected that contention, holding that the agency proceedings were instituted when the agency forwarded a request for a hearing to the OAH.

[¶24]   Applying our precedent to the present case, we conclude the administrative proceedings were instituted for purposes of § 16-3-113 when WYDOT forwarded Mr. Dubbelde's request for a hearing to the OAH.  Given that WYDOT forwarded the request

within a week or two after receiving it, we hold the administrative proceedings were promptly instituted as required by § 16-3-113.

[¶25] Mr. Dubbelde also asserts that WYDOT's failure to notify him of the administrative suspension and disqualification until sixteen months after his conviction denied him his right to due process. The party claiming a due process violation has the burden of demonstrating a protected interest and that "such interest has been affected in an impermissible way." *JA v. State (In re DSB),* 2008 WY 15, ¶ 26, 176 P.3d 633, 639 (Wyo. 2008). Reasonable notice and the opportunity for a fair hearing are the touchstones of procedural due process. *Id.*, citing *Chevron U.S.A., Inc. v. Dep't of Revenue*, 2007 WY 43, ¶ 31, 154 P.3d 331, 341 (Wyo. 2007).

[¶26] In this case, Mr. Dubbelde has not established that the delay deprived him of procedural due process. Although there is no question the hearing and subsequent orders suspending his license and disqualifying him from CDL privileges were delayed, Mr. Dubbelde received reasonable notice and a fair hearing in 2012. A hearing convened closer to the time of conviction would have led to the same result—suspension of his license and disqualification of his CDL privileges. He has presented no evidence showing how the sixteen month delay and the fact that his license and privileges were suspended in 2012 rather than 2011 prejudiced him. Thus, he has failed to establish that his procedural due process right was affected in an impermissible way.

[¶27] Affirmed.